**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Lester MASKER, Appellant.**

Superior Court of Pennsylvania.

Submitted April 5, 2011.

Filed Dec. 15, 2011.

Oressa P. Campbell, Milford, for appellant.

Raymond J. Tonkin, District Attorney and Sarah A. Wilson, Assistant District Attorney, Milford, for Commonwealth, appellee.

BEFORE: STEVENS, P.J., BENDER, BOWES, PANELLA, DONOHUE, SHOGAN, MUNDY, OTT and FREEDBERG, JJ.

OPINION BY PANELLA, J.:

Appellant, Lester Masker, appeals from the order entered on September 18, 2009, by the Honorable Joseph F. Kameen,

Court of Common Pleas of Pike County, that denied him relief under the Post–Conviction Relief Act.[1] After careful review, we affirm.

In *Commonwealth v. Price*, 876 A.2d 988 (Pa.Super.2005), a panel of this court held that classification as a sexually violent predator ("SVP") under 42 Pa.Cons.Stat.Ann. § 9792, independent of a challenge to a conviction or sentence, is not a cognizable claim under the PCRA. In contrast, we consider in this appeal whether a challenge to the process by which such classification is imposed is cognizable under the PCRA. We are not presented with, and therefore do not reach the issue of whether such a challenge paired with a challenge to the validity of a guilty plea is cognizable under the PCRA pursuant to *Padilla v. Kentucky*, —— U.S. ——, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010). We hereby formally adopt the reasoning of *Price* and conclude that the explicit language of the PCRA places an independent challenge to classification as a SVP outside the ambit of the PCRA. Furthermore, we find that there is no meaningful distinction between a challenge to designation as a SVP and a challenge to the process by which SVP designation is arrived.

The facts and procedural history are as follows. On April 19, 2007, Masker pled guilty to involuntary deviant sexual intercourse graded as a first degree felony,[2] incest graded as a second degree felony,[3] two counts of indecent assault, one graded as a first degree misdemeanor and one graded as second degree misdemeanor,[4] and corruption of minors graded as a misdemeanor of the first degree.[5] Pursuant to the plea agreement, Masker admitted to engaging in multiple instances of sexual, manual, and oral intercourse with his adopted daughter, as well as masturbating in front of her. On August 24, 2007, the sentencing court imposed a sentence of imprisonment of 7 to 20 years. Masker was subsequently classified as a SVP.

Thereafter, Masker filed a motion for reconsideration which the trial court denied. Masker appealed his sentence to this court, and we affirmed. Masker subsequently filed a *pro se* petition for PCRA relief. The PCRA court appointed counsel to represent Masker, and appointed counsel filed an amended PCRA petition. The amended petition raised three challenges to the effectiveness of trial counsel:

a. [Trial counsel f]ailed to properly advise the Defendant of his right to remain silent during his sexual offender evaluation;

b. [Trial counsel f]ailed to provide an expert witness to counter the sexually violent predator determination made by the Sexual Offender Assessment Board;

c. [Trial counsel f]ailed to raise the issue of whether or not use of the Sexual Offender Assessment Board (SOAB) assessment admissions violated the Defendant's Fifth Amendment right to remain silent, during post-sentence motions, or on direct appeal.

Amended PCRA petition, 1/15/2009, at ¶ 6.

The PCRA court granted Masker's request for an evidentiary hearing. At the hearing, Masker's trial counsel, Matthew Galasso, Esquire, testified that he did not recall whether he had informed Masker of his right to an independent expert evalua-

1. 42 Pa.Cons.Stat.Ann. §§ 9541–9546.

2. 18 Pa.Cons.Stat.Ann. § 3123(7).

3. 18 Pa.Cons.Stat.Ann. § 4302.

4. 18 Pa.Cons Stat.Ann. § 3126.

5. 18 Pa.Cons.Stat Ann. § 6301(a).

tion to counter the Board's expert evaluators. *See* N.T., PCRA Hearing, 6/25/2009, at 5. Furthermore, Attorney Galasso testified that he was not aware that defendants have the right to petition the court to appoint an independent expert. *See id.* Thereafter, the PCRA court denied Masker's petition. This appeal followed.

On appeal, Masker raises the following issues:

    a) Whether the [t]rial [c]ourt erred in determining that consequences of a sexual offenders evaluation were collateral consequences and were not cognizable claims under the Post Conviction Collateral Relief Act[?]

    b) Whether the [t]rial [c]ourt erred in determining that trial counsel rendered effective assistance of counsel at the sentencing phase[?]

    c) Whether the [t]rial [c]ourt erred in determining that the Defendant's Amended PCRA did not have merit[?]

Appellant's Brief, at 4.

Our standard of review of a PCRA court's denial of a petition for post-conviction relief is well-settled. We must examine whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. *See Commonwealth v. Hall*, 867 A.2d 619, 628 (Pa.Super.2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *See Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa.Super.2001). Our scope of review is limited by the parameters of the PCRA. *See Commonwealth v. Heilman*, 867 A.2d 542, 544 (Pa.Super.2005).

Furthermore, Masker's appeal, at its most basic level, requires us to construe the jurisdictional provisions of the PCRA.

The interpretation of a statute is a question of law; accordingly, our review is plenary. *See Commonwealth v. Gilmour Mfg. Co.*, 573 Pa. 143, 148, 822 A.2d 676, 679 (2003). A court must construe the words of a statute in accordance with their plain meaning. *See* 1 PA.CONS.STAT.ANN. § 1903(a). "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 PA. CONS.STAT.ANN. § 1921(b).

The PCRA sets forth its scope as follows:

    This subchapter is not intended to limit the availability of remedies in the trial court or on direct appeal from the judgment of sentence, to provide a means for raising issues waived in prior proceedings **or to provide relief from collateral consequences of a criminal conviction.**

42 PA.CONS.STAT.ANN. § 9542 (emphasis supplied). In construing this language, Pennsylvania Courts have repeatedly held that the PCRA contemplates only challenges to the propriety of a conviction or a sentence. *See, e.g., Price*, 876 A.2d 988 (Pa.Super.2005) (challenge to SVP status determination not cognizable under the PCRA); *Commonwealth v. Deaner*, 779 A.2d 578, 580 (Pa.Super.2001) (petition seeking modification of sentence for medical reasons did not fall within the ambit of the PCRA); *Commonwealth v. Vega*, 754 A.2d 714 (Pa.Super.2000) ("The PCRA is not the proper vehicle to seek review of the Board [of Probation and Parole]'s administrative decisions."); *Commonwealth v. Comly*, 779 A.2d 618 (Pa.Cmwlth.2001), *appeal denied*, 568 Pa. 620, 792 A.2d 1255 (2001) (refusing to entertain a challenge to a hunting license suspension under the PCRA).

As noted above, a challenge to the classification of the defendant as a SVP is not a

challenge to the conviction or sentence, and therefore is not cognizable under the PCRA. *See Price*, 876 A.2d at 995. In the present appeal, Masker does not challenge the propriety of his conviction or sentence. *See* Amended PCRA petition, 1/15/2009. Rather, in an attempt to avoid the dictates of *Price*, Masker seeks to challenge the method by which he was determined to be a SVP. *See id.* We conclude that under the PCRA there is no meaningful difference between a challenge to the determination itself and a challenge to the process by which it was reached.

In his brief, Masker cites to *Commonwealth v. Curnutte*, 871 A.2d 839 (Pa.Super.2005), for the proposition that a defendant has a right to have an independent expert appointed to assist at an SVP hearing. In *Curnutte*, this court vacated the defendant's SVP determination on direct appeal when the trial court refused defense counsel's request for appointment of an independent expert. *See Curnutte*, 871 A.2d at 843–844. However, as noted, *Curnutte* was decided on direct appeal and therefore clearly did not address the jurisdictional requirements of the PCRA.

The PCRA contains specific jurisdictional limitations that do not apply to direct appeals. These jurisdictional limitations have been held to be constitutionally appropriate by the Supreme Court of Pennsylvania. *See Commonwealth v. Peterkin*, 554 Pa. 547, 556, 722 A.2d 638, 642 (1998). We note that other forms of post-conviction collateral relief exist. We do not opine as to the appropriate method to raise the challenges set forth by Masker in this appeal; we merely hold that they do not fall within the PCRA.

Nor does *Padilla v. Kentucky,* —— U.S. ——, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010) compel a different result. In *Padilla*, the Supreme Court of the United States held that a failure to advise a criminal client about the possible immigration ramifications of guilty plea constitutes a denial of the client's constitutional right to counsel. *See Padilla*, 130 S.Ct. at 1486. Once again, it is important to note that the challenge in *Padilla* was to the validity of the guilty plea and resulting conviction, and not solely to the collateral consequence of deportation. *See id.,* at 1478. *Padilla* is therefore clearly distinguishable from the present appeal, where Masker does not raise any challenge to the guilty plea process or the resulting sentence.

Furthermore, the Court in *Padilla* found that "deportation is a particularly severe 'penalty[.]'" *Id.,* at 1481. As a result, the Court opined that the classifications of direct and collateral consequences of a conviction were ill suited to dealing with the specific risks involved in deportation. *See id.,* at 1482. In contrast, numerous federal courts, including Pennsylvania district courts, have held that registration requirements, such as those under Megan's Law, are clearly collateral consequences. *See, e.g., Bankoff v. Pennsylvania*, 2010 WL 396096 (E.D.Pa. 2010); *Cravener v. Cameron*, 2010 WL 235119 (W.D.Pa.2010). The Supreme Court of Pennsylvania has similarly stated:

> To the extent that there was any confusion … that the registration requirements of Megan's Law are collateral and not direct consequences of a plea or other conviction, we settle the issue here: such requirements are collateral consequences. . . .

*Commonwealth v. Leidig*, 598 Pa. 211, 222, 956 A.2d 399, 406 (2008). Therefore, *Padilla* is distinguishable on these grounds as well.

As a result, we conclude that Masker has not raised a claim that is cognizable

under the PCRA.[6] Accordingly, we affirm the PCRA court's order dismissing Masker petition.

Order affirmed. Jurisdiction relinquished.

Judge BOWES files a Concurring and Dissenting Opinion in which Judge DONOHUE and Judge FREEDBERG joined, Judge OTT concurred in the result. Judge FREEDBERG files a Concurring and Dissenting Statement in which Judge OTT joined.

## CONCURRING AND DISSENTING OPINION BY BOWES, J.:

Insofar as the majority concludes that issues of ineffective assistance of counsel during a Sexually Violent Predator ("SVP") hearing are not cognizable under the PCRA statute,[1] I respectfully dissent based on our Supreme Court's decisions in *Commonwealth v. Grant*, 572 Pa. 48, 813 A.2d 726 (2002) and *Commonwealth ex rel. Dadario v. Goldberg*, 565 Pa. 280, 773 A.2d 126 (2001), and the analysis employed by the United States Supreme Court in *Pa-*

*dilla v. Kentucky*, —— U.S. ——, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010). However, because I believe that Appellant cannot establish actual prejudice on his ineffectiveness claims, I agree that the PCRA court's decision should be affirmed.

The critical issue presented in this appeal is whether counsel's ineffectiveness in connection with the litigation of Appellant's SVP status is cognizable under the PCRA. Discerning the answer to this question requires an examination of 42 Pa.C.S. § 9543,[2] related to cognizability, and whether a petitioner can obtain relief under 42 Pa.C.S. § 9542,[3] which outlines the scope of PCRA relief.

It is beyond peradventure that defendants enjoy a statutory right to counsel at an SVP hearing. *See* 42 Pa.C.S. § 9795.4(e)(2) ("the individual shall have the right to counsel and to have a lawyer appointed to represent him if he cannot afford one."). Thus, much like in the civil and collateral PCRA process itself, *see Commonwealth v. Haag*, 570 Pa. 289, 809 A.2d 271, 284 (2002), where there is a rule-based right to counsel, Appellant has a

---

6. As stated above, Masker does not raise any challenge to his guilty plea or sentence, and requests no relief from his guilty plea and sentence in his brief. *See* Appellant's Brief, at 20.

1. 42 Pa.C.S. §§ 9541–9546.

2. Section 9543, entitled "Eligibility for Relief," provides in pertinent part:

   (a) **General rule.**—To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:
   (2) That the conviction or sentence resulted from one or more of the following:
   . . . .
   (ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

42 Pa.C.S. § 9543(a)(2)(ii).

3. § 9542. Scope of subchapter
   This subchapter provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief. The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and coram nobis. This subchapter is not intended to limit the availability of remedies in the trial court or on direct appeal from the judgment of sentence, to provide a means for raising issues waived in prior proceedings or to provide relief from collateral consequences of a criminal conviction. Except as specifically provided otherwise, all provisions of this subchapter shall apply to capital and noncapital cases.
42 Pa.C.S. § 9542.

corresponding statutory right to effective assistance of counsel. *See e.g. Commonwealth v. Bennett,* 593 Pa. 382, 930 A.2d 1264, 1273–1274 (2007); *Commonwealth v. Pursell,* 555 Pa. 233, 724 A.2d 293, 303 (1999); *Commonwealth v. Albrecht,* 554 Pa. 31, 720 A.2d 693, 699–700 (1998); *Commonwealth v. Priovolos,* 552 Pa. 364, 715 A.2d 420 (1998) (all finding that counsel can be held ineffective during a PCRA matter even though there is not a Sixth Amendment right to counsel therein); *see also Commonwealth v. Robinson,* 970 A.2d 455 (Pa.Super.2009) *(en banc )* (discussing right to counsel during civil and collateral PCRA proceeding); *Commonwealth v. Figueroa,* 29 A.3d 1177 (Pa.Super.2011).[4]

Moreover, defendants are constitutionally entitled to counsel at all critical stages of criminal proceedings. *Commonwealth v. D'Amato,* 579 Pa. 490, 856 A.2d 806, 821–822 (2004) ("Pursuant to the Sixth Amendment, a criminal defendant has a right to be represented by an attorney at all critical stages of a criminal proceeding, that is, stages at which substantive rights may be preserved or lost."). Under the SVP statute, the sentencing court ordinarily conducts sentencing and an SVP hearing simultaneously. *Cf. Commonwealth v.*

*Whanger,* 2011 PA Super 224, 30 A.3d 1212. I acknowledge that an SVP hearing does not relate to the soundness of the underlying conviction and is only tangentially related to sentencing. *See Commonwealth v. Harris,* 972 A.2d 1196 (Pa.Super.2009); *see also Whanger, supra* at 1220–21 (Bowes, J. concurring). Further, I am cognizant that precedent establishes that the registration, notification, and counseling requirements that are determined at an SVP hearing are non-punitive and considered civil in nature.

For example, in *Commonwealth v. Leidig,* 598 Pa. 211, 956 A.2d 399 (2008), the Court held that a defendant cannot withdraw his guilty plea where the trial court does not inform him or inaccurately informs him about the registration requirements of Megan's Law. Additionally, in *Commonwealth v. Williams,* 574 Pa. 487, 832 A.2d 962 (2003), our Supreme Court held that because registration, notification, and counseling requirements are civil in nature rather than punitive, a defendant does not enjoy a constitutional right to have a jury determine his SVP status beyond a reasonable doubt. Nevertheless, the *Williams* Court did not resolve the

4. There has been no case in Pennsylvania finding a Pennsylvania constitutional right to counsel on a first-time PCRA. *See Commonwealth v. Priovolos,* 552 Pa. 364, 715 A.2d 420, 422 (1998); *Commonwealth v. Smith,* 572 Pa. 572, 818 A.2d 494, 499 n. 6 (2003). However, in *Commonwealth v. Figueroa,* 29 A.3d 1177 (Pa.Super.2011), in *dicta* and a footnote, this Court recognized that a federal constitutional right to counsel might exist during a first-time PCRA because it is the only opportunity in which a defendant can raise ineffectiveness claims. The *Figueroa* Court also remarked that there is a right to effective assistance of counsel during a first-time PCRA. That right is rule based, *see Smith, supra* and not constitutionally derived. However, the Pennsylvania Constitution expressly guarantees the right to a direct appeal. Pa. Const. Article V, § 9. At the time that right

was conferred on all criminal defendants *via* the 1968 Pennsylvania Constitution, defendants could raise ineffectiveness issues on direct appeal. *See Commonwealth v. Hart,* 403 Pa. 652, 170 A.2d 850 (1961). Further, defendants were constitutionally entitled to counsel on direct appeal under the federal constitution. *Douglas v. California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). Our Supreme Court's decision in *Commonwealth v. Grant,* 572 Pa. 48, 813 A.2d 726 (2002), has been interpreted to remove the ineffective assistance of counsel avenue of relief on direct appeal. Therefore, a case for a Pennsylvania constitutional right to counsel during a first-time PCRA may exist since defendants were constitutionally entitled to counsel for purposes of raising ineffectiveness claims on direct appeal prior to the announcement in *Grant.*

issue of whether the counseling, registration, and public notice requirements of Megan's Law involve legal or substantive rights entitling a defendant to counsel under the Sixth Amendment. Nor do *Leidig* or *Williams* stand for the proposition that an ineffectiveness claim pertaining to representation at an SVP hearing cannot be raised in the PCRA.

Though SVP hearings relate to non-punitive matters and are civil in nature, they have a direct impact on a defendant during the sentencing phase of his criminal proceeding, *Commonwealth v. Shugars*, 895 A.2d 1270 (Pa.Super.2006), and substantially affect his legal rights following release from incarceration. There is no doubt that the process of determining whether a defendant is an SVP is generally an aspect of the sentencing procedure. Once a defendant is convicted of a predicate sexual offense, the trial court refers the matter to the Sexual Offender's Assessment Board ("SOAB"), which conducts the assessment. Then the district attorney may request a hearing, the sentencing court holds that hearing, and the court makes the determination of SVP status, normally at the sentencing hearing. Finally, the court is required to inform a defendant at sentencing of the requirements that accompany SVP status. Indeed, in *Commonwealth v. Harris*, 972 A.2d 1196, 1201 (Pa.Super.2009), the panel held "the imposition of SVP status is a component of the judgment of sentence even though the ultimate collateral consequences are non-punitive" under *Williams*. *See also Whanger, supra* at 1219 (Bowes, J. concurring) ("The *Harris* Court, however, found that SVP status, although collateral and not punishment, is part of the judgment of sentence."); *see also id.* at 1221 ("according to *Harris*, SVP status is part of the judgment of sentence. Thus, the SVP order finalized the judgment of sentence."). In *Harris*, this Court specifically concluded that the SVP litigation proceeding is integral to the sentencing process. Regardless of whether the requirements of an SVP determination are civil in nature, the imposition of SVP status is part of the sentencing process, and judgment of sentence is not finalized until an SVP hearing is concluded.

Both the United States Supreme Court and our Supreme Court have held, "Proceedings relating to the imposition of a criminal sentence constitute a critical stage, at least to the extent that the events occurring during those proceedings may affect the sentence imposed or the legal rights of the defendant, including the right to appeal. *See Mempa v. Rhay*, 389 U.S. 128, 135, 88 S.Ct. 254, 257, 19 L.Ed.2d 336 (1967)." *D'Amato, supra* at 822. SVP status can, and usually does, affect one's punishment, as it is a serious aggravating sentencing factor. Testimony during an SVP hearing regarding a defendant's sexually-predatory nature will usually result in a more severe sentence. Hence, because the hearing, though not determining punishment, is intimately connected to and an integral part of the criminal process, I believe that defendants have a Sixth Amendment and Article I, § 9 constitutional right to counsel during an SVP hearing,[5] in addition to the statutory right to counsel. *See D'Amato, supra* (finding that defendants have a Sixth Amendment right to counsel at all "critical stages" of a criminal proceeding).

---

5. The Sixth Amendment provides in relevant part, "In all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. In addition, Article I, § 9 states in pertinent part, "In all criminal prosecutions the accused hath a right to be heard by himself and his counsel[.]" Pa. Const. Art. 1, § 9.

Regardless, there is no question that Appellant has, at the very least, a statutory right to effective counsel at the SVP hearing. In *Dadario, supra* at 130, the Court observed that the legislature did not intend "to limit the scope of ineffectiveness claims reviewable in PCRA proceedings" and that "all constitutionally-cognizable claims of ineffective assistance of counsel, *i.e.,* all claims that the petitioner was deprived of his or her Sixth Amendment and Article I, § 9 rights to counsel" are cognizable under § 9543 of the PCRA. Thus, if a defendant has a Sixth Amendment constitutional right to counsel during the SVP determination proceeding, then the question at issue herein is undoubtedly cognizable under the PCRA.

Moreover, although *Dadario* confined its holding to proceedings where the Sixth Amendment and Article I, § 9 right to counsel were implicated, our Supreme Court has recognized that PCRA counsel can be held ineffective despite the fact that the PCRA proceedings are civil and collateral. *Pursell, supra; Albrecht, supra; Priovolos, supra.*[6] I also note that the federal constitutional right to counsel on direct appeal does not stem from the Sixth Amendment, but rather from the equal protection and due process clauses of the Fourteenth Amendment. *Douglas v. California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); *see also Ross v. Moffitt,* 417 U.S. 600, 608–609, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974) (discussing *Douglas, supra* and stating that right to counsel on direct appeal is derived from both equal protection and due process clause of Four-

teenth Amendment). Similarly, the right to *effective assistance* of counsel on direct appeal flows directly from the due process clause of the Fourteenth Amendment and not via incorporation of the Sixth Amendment. *Evitts v. Lucey,* 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985); *see also Lucey, supra* at 842–843 (Rehnquist, J. dissenting) ("the words "prosecutions" and "defense" plainly indicate that the Sixth Amendment right to counsel applies only to trial level proceedings.").

Certainly, individuals can raise ineffectiveness claims related to direct appeal counsel in the PCRA context despite the constitutional right to counsel not being grounded in the Sixth Amendment. Phrased simply, where a challenge relates directly to an ineffective assistance of counsel claim, the issue ordinarily falls within the ambit of the PCRA statute. Pointedly, in *Commonwealth v. Walls,* 993 A.2d 289 (Pa.Super.2010), this Court held a petitioner's claims that his attorney was ineffective at his SVP hearing by failing to have the defendant examined by an independent expert, neglecting to object to the admission of an expert report, and failing to secure the testimony of certain witnesses were cognizable under the PCRA. *Id.* at 301. Hence, this Court has previously acknowledged that claims of ineffectiveness pertaining to an SVP hearing may entitle a defendant to relief under the PCRA.

Furthermore, I disagree with the majority's reliance on *Commonwealth v. Price,*

---

**6.** It appears that an enforcement mechanism for protecting the right to effective assistance of PCRA counsel is largely lacking since claims of PCRA counsel's effectiveness can no longer be raised for the first time on appeal. *Commonwealth v. Jette,* —— Pa. ——, 23 A.3d 1032 (2011); *see also Commonwealth v. Colavita,* 606 Pa. 1, 993 A.2d 874, 893 n. 12 (2010); *Commonwealth v. Pitts,* 603 Pa. 1,

981 A.2d 875, 890–893 (2009) (Baer, J. dissenting); *Commonwealth v. Ligons,* 601 Pa. 103, 971 A.2d 1125, 1138–1141 (2009) (Baer, J. plurality); *Commonwealth v. Hill,* 609 Pa. 410, 16 A.3d 484 (2011) (Saylor, J. dissenting); *but see Commonwealth v. Burkett,* 5 A.3d 1260 (Pa.Super.2010) (distinguishing *Pitts,* which was relied upon by our Supreme Court in *Jette* and *Colavita* ).

876 A.2d 988 (Pa.Super.2005). There is a difference between the ineffective assistance of counsel claims at issue herein, and *Price*, where no such ineffectiveness claims were leveled. *See Price, supra* at 995 ("Appellant presents his claim to us on appeal as if on direct appeal, and without any ineffectiveness of counsel analysis."); *see also id.* at 994 ("Appellant could have raised this challenge to his SVP classification on direct appeal, but did not."). Similarly, the additional cases relied upon by the majority do not pertain to an issue raised under the ineffective assistance of counsel rubric. *See* Majority Opinion at 843 citing *Commonwealth v. Deaner,* 779 A.2d 578 (Pa.Super.2001); *Commonwealth v. Vega,* 754 A.2d 714 (Pa.Super.2000); *Commonwealth v. Comly,* 779 A.2d 618 (Pa.Cmwlth.2001).[7] Unlike the appellant in *Price* and the other cases mentioned by the majority, Appellant asserted ineffective assistance of counsel claims related to counsel's representation at his SVP hearing.

The second interrelated question herein, whether the scope of the PCRA precludes relief, is more complicated. Section 9542 states that the PCRA is intended to provide collateral relief for "persons convicted of crimes they did not commit and persons serving illegal sentences [.]" 42 Pa.C.S. § 9542. It is not intended to provide relief from the "collateral consequences of a criminal conviction." *Id.* In my view, this Court must construe 42 Pa.C.S. § 9542 in such a manner as to render the PCRA statute and *Grant, supra,* constitutional. There are three critical reasons why we must construe § 9542 as permitting relief: 1) the fact that *habeas corpus* relief is not available in this context; 2) the impact of *Grant* upon a defendant's federal and Pennsylvania constitutional right to counsel and the Pennsylvania constitutional right to an appeal; and 3) the application of *Padilla v. Kentucky,* —— U.S. ——, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010) on the concept of collateral consequences.

As noted, our Supreme Court in *Dadario* held that ineffective assistance of counsel claims could be raised under the PCRA, regardless of whether the claim is directly related to the guilt or innocence of the petitioner. Claims pertaining to the sentencing phase of a case are cognizable when set forth under the ineffective assistance of counsel rubric. *Commonwealth v. Chester,* 557 Pa. 358, 733 A.2d 1242 (1999) *abrogated on other grounds by Grant, supra.* Additionally, "[o]ur Supreme Court has consistently held that the PCRA statute and its eligibility requirements are to be broadly construed." *Commonwealth v. Burkett,* 5 A.3d 1260, 1274 (Pa.Super.2010); *see also Commonwealth v. Hackett,* 598 Pa. 350, 956 A.2d 978 (2008); *Commonwealth v. Liebel,* 573 Pa. 375, 825 A.2d 630 (2003); *Commonwealth v. Lantzy,* 558 Pa. 214, 736 A.2d 564 (1999).

Moreover, our Supreme Court recently broadly interpreted 42 Pa.C.S. § 9542, the scope provision of the PCRA statute. In *Commonwealth v. Haun,* —— Pa. ——, 32 A.3d 697 (2011), the Court unanimously held that a concession of guilt does not foreclose "access to review under the Post Conviction Relief Act." *Id.* at 698. Quoting with approval then President Judge McEwen's dissenting opinion from *Commonwealth v. Lantzy,* 712 A.2d 288 (Pa.Su-

---

**7.** The Commonwealth also cites *Commonwealth v. Williams,* 977 A.2d 1174 (Pa.Super.2009). In that case, the defendant completed his term of imprisonment and the question was whether the registration and reporting requirements constituted a sentence of imprisonment, probation or parole. Obviously, the answer to that query is no, but that bears no relationship to the question before this Court of whether an ineffectiveness claim during an SVP hearing can be brought in the PCRA.

per.1998) (*en banc*) reversed by, 558 Pa. 214, 736 A.2d 564 (1999), the *Haun* Court set forth that "the PCRA was intended to be the *sole* vehicle for litigating claims for collateral relief in state court." *Id.* at 699 (emphasis in original). The Court further highlighted President Judge McEwen's view that a narrow construction of § 9543(a)(2)(ii) was analogous to interpreting § 9542 narrowly. The *Haun* Court added that in the *Lantzy* decisions the Commonwealth had "vigorously opposed the substantially bifurcated system of collateral review which all jurists (majority and dissenting) agreed would result from a narrow construction of the PCRA's scope." *Id.* at 700–01. Indeed, in upholding this Court's decision in *Commonwealth v. Haun,* 984 A.2d 557 (Pa.Super.2009), authored by Judge Bender, the Court noted that "the narrow construction of Section 9542 proposed by the Commonwealth and adopted by the PCRA court squarely implicates the concern with bifurcation which served as the basis for *Lantzy II.*" *Id.* at 702.

Admittedly, "the Pennsylvania Supreme Court also has recognized that certain unique claims do not give rise to a cognizable claim under the PCRA statute." *Burkett, supra* at 1274. In those limited circumstances, the Court has determined that a particular issue, which is not cognizable under the PCRA, may be raised through a writ of *habeas corpus. See Commonwealth v. West,* 595 Pa. 483, 938

A.2d 1034, 1044 (2007) ("West's substantive due process challenge to the continuing validity of his judgment of sentence, following nine years of pre-incarceration delay, falls outside the ambit of the potential claims cognizable under the PCRA."); *Commonwealth v. Judge,* 591 Pa. 126, 916 A.2d 511, 520 (2007) ("[W]e believe that Appellant's claim concerning his deportation from Canada to face a death sentence falls outside the intended scope of the PCRA."); *Burkett, supra* (discussing *West* and *Judge* ).

Although claims that fall outside the eligibility parameters of the PCRA may be raised through a writ of *habeas corpus,* that writ does not apply herein because Appellant is not inquiring into the cause of his detention. *See* 42 Pa.C.S. § 6503.[8] Hence, this case diverges from the rationale of *Judge* and *West* where the issues raised were non-ineffectiveness claims pertaining to detention, but not challenges to the petitioners' convictions or the sentencing phases of their cases. Thus, Appellant herein could not obtain *habeas corpus* relief based upon his present claims of ineffective assistance of counsel.

Furthermore, Appellant was not permitted to pose the present claims during litigation of his direct appeal because *Grant* funnels all claims of ineffective assistance of counsel into the PCRA. In other words, *Grant* prohibits us from deciding SVP counsel's ineffectiveness during a direct appeal.[9] Since valid claims of ineffective

8. § 6503. **Right to apply for writ**
(a) **General rule.**—Except as provided in subsection (b), an application for habeas corpus to inquire into the cause of detention may be brought by or on behalf of any person restrained of his liberty within this Commonwealth under any pretense whatsoever.
(b) **Exception.**—Where a person is restrained by virtue of sentence after conviction for a criminal offense, the writ of habeas corpus shall not be available if a remedy

may be had by post-conviction hearing proceedings authorized by law.
42 Pa.C.S. § 6503. For a quality discussion of the historical usage of state *habeas corpus* see *Winklespecht v. Pennsylvania Bd. of Probation and Parole,* 571 Pa. 685, 813 A.2d 688, 693–694 (2002) (Saylor, J. concurring and dissenting).

9. Interestingly, the legislature in crafting the PCRA statute expressly stated that the statute was "not intended to limit the availability of

assistance of counsel are directed by *Grant* into the PCRA, we must construe § 9542 so as to render it constitutional. *See* 1 Pa.C.S. § 1922(3). To be sure, the majority's holding would also deprive defendants of their Pennsylvania constitutional right to appeal, since there would be no means of appealing an ineffectiveness claim at an SVP hearing.[10] Moreover, a defendant's statutory right to effective representation and possibly his or her Sixth Amendment and Article I, § 9 right to effective assistance of counsel at an SVP hearing would be denied. Phrased differently, because *habeas corpus* relief is unavailable and due to the *Grant* decision, Appellant's sole means of attacking the effectiveness of his SVP counsel is through the PCRA.[11] The fact that our courts consider an SVP hearing civil and collateral to a conviction does not alter this conclusion or preclude relief under the PCRA. In this respect, *Padilla* is instructive.

In *Padilla,* the United States Supreme Court opined that whether a collateral consequence is at issue is not critical to determining an assertion of ineffective assistance of counsel. At issue in *Padilla* was whether plea counsel was ineffective for failing to inform the defendant that he would be deported if he pleaded guilty to the crime in question. The Court found the "collateral consequence" construct unhelpful in resolving the question. Instead, the *Padilla* Court reasoned that the crucial inquiry was whether the issue was intimately related to the criminal process. The majority opined that courts had long acknowledged deportation as a penalty and perhaps the most vital consequence of a conviction. It concluded that the issue should be framed as whether constitutionally-effective counsel would recognize that the particular issue would be sufficiently important to a defendant in connection

---

remedies in the trial court or on direct appeal from the judgment of sentence[.]" 42 Pa.C.S. § 9542.

10. As mentioned in footnote four, the Pennsylvania Constitution explicitly guarantees the right to a direct appeal. Pa. Const. Article V, § 9. That right was delineated in the 1968 Pennsylvania Constitution when defendants could raise ineffectiveness issues on direct appeal. *See Commonwealth v. Hart,* 403 Pa. 652, 170 A.2d 850 (1961). As discussed, the decision in *Commonwealth v. Grant,* 572 Pa. 48, 813 A.2d 726 (2002), which has been interpreted to remove the ineffective assistance of counsel avenue of relief on direct appeal, results in the PCRA being in effect a direct appeal for ineffectiveness claims. Therefore, a colorable argument can be made that the Pennsylvania constitutional right to an appeal would be denied by the majority's holding in this case since Appellant cannot raise his ineffectiveness issues.

11. The majority states that it does "not opine as to the appropriate method to raise the challenges set forth by Masker in this appeal[,]" Majority Opinion, at 844. The reason for this, I believe, is simple: there is no other

method. Assuming *arguendo* that there is another means of raising the claims, the majority's holding would allow SVPs to challenge counsel's effectiveness outside the one-year time bar of the PCRA statute, since the PCRA statute would not govern the ineffectiveness claim. Such a result is not to be preferred.

Even if there existed another means of raising the issue, such as the writ of *coram nobis,* *see Commonwealth v. Fiore,* 445 Pa.Super. 401, 665 A.2d 1185 (1995) (discussing limited nature of that writ), our Supreme Court has expressly stated its disapproval of a bifurcated system of reviewing ineffectiveness issues. *Commonwealth v. Hackett,* 598 Pa. 350, 956 A.2d 978, 986 (2008) ("narrow construction [of the eligibility requirements] would be inconsistent with the legislative intent to channel post-conviction claims into the PCRA's framework, and would instead create a bifurcated system of post-conviction review where some post-conviction claims are cognizable under the PCRA while others are not.") (internal citation omitted). The narrow construction the majority affords to 42 Pa.C.S. § 9542 similarly creates a bifurcated system of review. *See Commonwealth v. Haun,* —— Pa. ——, 32 A.3d 697 (2011).

·

with the criminal matter in question and require counsel to discuss the matter with the defendant. Ultimately, the Supreme Court determined that counsel could be deemed ineffective in failing to advise his client about deportation consequences prior to a guilty plea.

Certainly, *Padilla* focused exclusively on the issue of representation prior to and during a guilty plea and advice concerning deportation and declined to do away entirely with the distinction of direct and collateral consequences. This Court recognized such in *Commonwealth v. Abraham*, 996 A.2d 1090 (Pa.Super.2010), *appeal granted*, 607 Pa. 618, 9 A.3d 1133 (2010), in which we discussed *Padilla* in a PCRA matter involving a guilty plea to a sex crime that caused the defendant to lose his pension rights. Nonetheless, in light of the consequences of SVP status, I believe that, regardless of whether the consequences are civil or punitive in nature, the resulting implications of SVP status have such an impact upon a defendant's sentence, his life and his substantive rights, that constitutionally effective counsel is required at an SVP hearing.

Although the majority attempts to distinguish *Padilla* on the grounds that Appellant is not challenging his guilty plea, it fails to appreciate that Padilla and Appellant herein were asserting ineffective assistance of counsel claims. The majority also misperceives the relevance of *Padilla* by setting forth that an SVP hearing relates to collateral consequences of a conviction. That an SVP hearing and subsequent SVP determination is collateral to a conviction is not in dispute. To be sure, this Court has defined direct and collateral consequences as follows:

A collateral consequence has been defined as "one that is not related to the length or nature of the sentence imposed on the basis of the plea." *United*

*States v. Romero–Vilca*, 850 F.2d 177, 179 (3d Cir.1988). A sampling of collateral consequences for pleading guilty includes: sexual offender registration requirement, 42 Pa.C.S.A. §§ 9791–9799.7; loss of the right to vote, U.S. Const. Amend. XIV, § 2; loss of right to enlist in the armed services, 10 U.S.C.A. § 504; loss of right to own a firearm, 18 Pa.C.S.A. § 6105, or fishing license, 30 Pa.C.S.A. § 928; loss of right to inherit property, 20 Pa.C.S.A. §§ 8802–11, and loss of right to practice a particular profession, *e.g.*, 63 Pa.S.A. § 479.11(a)(funeral director) and 63 Pa.S.A. § 34.19(a)(8)(architect). *See Commonwealth v. Frometa*, 520 Pa. 552, 556 n. 1, 555 A.2d 92, 93 n. 1 (1989) (finding deportation is a collateral consequence of pleading guilty)[*abrogated by Padilla, supra*]. Additionally, driver's license suspensions are collateral civil consequences rather than criminal penalties. *Commonwealth v. Duffey*, 536 Pa. 436, 639 A.2d 1174 (1994).

In contrast, a direct consequence "is one that has a 'definite, immediate, and largely automatic' effect on the range of the defendant's punishment." *Parry v. Rosemeyer*, 64 F.3d 110, 114 (3d Cir. 1995), *superseded by statute as stated in Dickerson v. Vaughn*, 90 F.3d 87 (3d Cir.1996). Indeed, the United States Court of Appeals for the Third Circuit has held that "the only consequences considered direct are the maximum prison term and fine for the offense charged." *Parry*, 64 F.3d at 114 (*quoting United States v. Salmon*, 944 F.2d 1106, 1130 (3d Cir.1991)).

*Commonwealth v. Wall*, 867 A.2d 578, 582 (Pa.Super.2005). I recognize that this Court has previously held that an SVP registration determination is collateral to a defendant's conviction. However, the fact that an SVP hearing and subsequent de-

termination has been considered collateral to a defendant's conviction does not render *Padilla* distinguishable; instead, it is precisely what makes the decision in *Padilla* relevant.

The importance of *Padilla* to the present case is that it directly contradicts the plain language of 42 Pa.C.S. § 9542, which states that the PCRA does not "provide relief from collateral consequences of a criminal conviction." This aspect of the statute is no longer constitutionally sound in all cases where *Padilla* and *Grant* are conjoined. Otherwise, as discussed previously, ineffective assistance of counsel claims relating to collateral consequences could not be raised during direct appeal or PCRA review. Simply put, *Padilla* provides that, in at least one instance, relief may be had on an ineffective assistance of counsel claim based on a collateral consequence.[12] Concomitantly, *Grant* compels defendants to raise the issue in the PCRA.

In sum, because *Grant* directs all claims of ineffective assistance of counsel into the PCRA statute, and since defendants have at least a statutory right to counsel at an SVP hearing, and a corresponding right to effective counsel, I would hold that the PCRA is the proper means of raising Appellant's ineffectiveness claims. In addition, the provision of the PCRA statute that bars relief for claims that pertain to the collateral consequences of a conviction is rendered suspect when considered in light of both *Padilla* and *Grant.* If defendants cannot raise the type of claim leveled herein pursuant to the PCRA statute, then the right to effective assistance of counsel may be denied in a situation where a defendant has the constitutional right to such assistance.

Having set forth the reasons why Appellant properly raised his claims in his PCRA petition, my analysis turns to the merits of Appellant's underlying ineffectiveness claims. The crux of Appellant's underlying issues are that his counsel was ineffective in failing to call an expert witness to rebut the Commonwealth's expert and in neglecting to instruct him that he had the right to remain silent during the SOAB assessment. In support of his expert witness position, Appellant references a decision by this Court on direct appeal discussing a defendant's right to call an expert witness at an SVP hearing. *See Commonwealth v. Curnutte*, 871 A.2d 839 (Pa.Super.2005). However, having the right to call an expert witness does not translate into *per se* ineffective assistance of counsel when an attorney chooses not to call an expert or does not advise his client that he may call his own expert witness. It is long-standing precedent that where the attorney can cross-examine a Commonwealth witness, counsel is not required to call his own expert to avoid being held ineffective. *Commonwealth v. Chmiel*, — Pa. —, 30 A.3d 1111, 1143 (2011) ("The mere failure to obtain an expert rebuttal witness is not ineffectiveness. Appellant must demonstrate that an expert witness was available who would have offered testimony designed to advance appellant's cause."); *Commonwealth v. Copenhefer*, 553 Pa. 285, 719 A.2d 242, 253 (1998); *Commonwealth v. Williams*, 537 Pa. 1, 640 A.2d 1251, 1265 (1994); *see also Commonwealth v. Smith*, 544 Pa. 219, 675 A.2d

---

12. Admittedly, there are undoubtedly collateral consequences to a conviction that are outside the sphere of a criminal attorney's reasonable expertise. In these contexts, I agree that the collateral consequence construct has a proper place. Nevertheless, I believe that knowledge of Megan's Law and representation at an SVP hearing are far less complex and onerous than immigration law and deportation issues. Indeed, unlike certain aspects of immigration law and its vast complexities, SVP matters should be well within the scope of knowledge of a criminal defense attorney.

1221, 1230 (1996); *Commonwealth v. Yarris,* 519 Pa. 571, 549 A.2d 513, 529 (1988). Appellant's SVP counsel did cross-examine the Commonwealth witness in the instant case.

More importantly, Appellant cannot establish actual prejudice, *i.e.,* that the court's SVP determination would likely have been altered had Appellant called an expert. Prejudice can only exist if Appellant can establish that an actual expert witness would be able to testify on his behalf in a manner that could give rise to a reasonable probability that the outcome of the SVP hearing would have changed. Appellant has not identified an expert witness who could have testified on his behalf, a necessary element when alleging that counsel was ineffective for failing to call a witness. *Commonwealth v. Wright,* 599 Pa. 270, 961 A.2d 119, 155 (2008) ("a defendant must prove, in addition to meeting the three *Pierce* requirements, that: (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew or should have known of the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the witness's testimony was so prejudicial as to have denied him a fair trial."); *see also Chmiel, supra; Walls, supra* at 301–302 (both applying same test to failure to call expert witness). While Appellant's argument on appeal is that counsel did not advise him that he could call an expert witness, the issue raised in his PCRA petition was that counsel failed to call an expert witness at the SVP hearing. *See* Amended PCRA petition, 1/15/09, Paragraph 6(b). As discussed, such a failure can only result in actual prejudice where an expert could testify that Appellant did not meet the qualifications of an SVP. Since there is no indication that any such expert exists, I agree that Appellant is not entitled to relief based on counsel's failure to call or advise

Appellant that he could call an expert witness.

With respect to his additional contention, in *Commonwealth v. Kopicz,* 840 A.2d 342 (Pa.Super.2003) this Court held that the Fifth Amendment right against self-incrimination was inapplicable in the SOAB assessment setting. Nonetheless, Appellant was told that he was under no obligation to participate in the SOAB interview and had a right not to participate in the interview process. *See* Sexually Violent Predator Assessment, 7/27/2007, at 4. Appellant also pled guilty and gave a detailed admission of his crimes. Hence, he suffered no actual prejudice from counsel's failure to tell him that he could remain silent during the SOAB assessment.

For all of the foregoing reasons, I respectfully but firmly dissent from the majority's conclusion that Appellant's issues are not cognizable under the PCRA, but having found that Appellant has failed to establish actual prejudice, I concur in the result.

## CONCURRING AND DISSENTING STATEMENT BY FREEDBERG, J.:

I agree with the concurring and dissenting opinion that the PCRA statute, 42 Pa.C.S.A. §§ 9541–9546, provides a procedure for reviewing Appellant's claim of ineffective assistance of counsel. I also agree with the merits analysis of Appellant's underlying ineffectiveness claims. However, I would defer determination of whether *habeas corpus* is available to address Appellant's claims until a case is before the Court wherein the parties have briefed and argued whether one required to register and report pursuant to 42 Pa. C.S.A. § 9791 *et seq.* is "restrained of his liberty" so as to be eligible for *habeas corpus* relief. See *Commonwealth v.*

*Smith,* 336 Pa.Super. 636, 486 A.2d 445, 448, n. 4 (1984) and the cases cited therein.