J-S54017-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHRISTOPHER DESCHU | |
| Appellant | No. 3043 EDA 2014 |

Appeal from the PCRA Order September 17, 2014
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0001073-2003

BEFORE:  BOWES, J., PANELLA, J., and FITZGERALD, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED SEPTEMBER 29, 2015**

Appellant, Christopher Deschu, appeals from the order entered September 17, 2014, in the Court of Common Pleas of Lehigh County, which denied as untimely his Post Conviction Relief Act[1] ("PCRA") petition.  We affirm.

On January 8, 2004, a jury convicted Appellant of involuntary deviate sexual intercourse, indecent assault, corruption of minors and two counts of indecent assault, stemming from the sexual abuse of his girlfriend's seven-year-old daughter.  On November 18, 2004, the trial court classified Appellant as a sexually violent predator ("SVP") for the purposes of Megan's

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

Law, 42 Pa.C.S.A. §§ 9791-9799.7 (superseded), and sentenced Appellant to six and one-half to thirteen years' incarceration to be followed by seven years' probation. Appellant filed timely post-sentence motions, which the trial court denied. On appeal, this Court affirmed Appellant's judgment of sentence, and the Pennsylvania Supreme Court denied *allocatur* on May 1, 2007. *See Commonwealth v. Deschu*, 915 A.2d 140 (Pa. Super. 2006) (unpublished memorandum), *appeal denied*, 104 MAL 2007 (Pa. 2007).

On April 30, 2008, Appellant filed his first PCRA petition, which the PCRA court denied following a hearing. This Court affirmed the dismissal of Appellant's PCRA petition on appeal, and the Supreme Court again denied *allocatur*. *See Commonwealth v. Deschu*, 6 A.3d 552 (Pa. Super. 2010) (unpublished memorandum), *appeal denied*, 20 A.3d 484 (Pa. 2011).

Thereafter, on July 18, 2014, Appellant filed his second PCRA petition. On July 30, 2014, the PCRA court filed a Pa.R.Crim.P. 907 Notice of Intent to Dismiss Appellant's PCRA petition as untimely; Appellant filed a response thereto. The PCRA court ultimately dismissed Appellant's petition. This timely appeal followed.

Appellant raises the following issues for our review.

1. The Superior Court has held that, because a challenge under *Alleyne* [*v. United States*, 133 S.Ct. 2151 (U.S. 2013)] implicates the legality of the sentence, it cannot be waived on appeal and may be applied retroactively. Did [the PCRA court] err in holding that the Appellant's collateral challenge under *Alleyne* to the legality of his SVP determination did not satisfy the exception to the PCRA's jurisdictional time-bar set forth by 42 Pa.C.S. § 9545(b)(1)(iii)?

- 2 -

2. The Superior Court has acknowledged that the SVP determination is a component of the sentence. Did [the PCRA court] err in finding that the Appellant's challenge to his SVP determination was not cognizable under the PCRA because it did not implicate his underlying conviction or sentence?

3. The Superior Court has recognized that a sentencing judge can use his own SVP determination as a factor when imposing an aggravated range sentence. Did [the PCRA court] err in finding that *Alleyne's* prohibition against increased mandatory minimum sentences based on judicial fact-finding was inapplicable to the Appellant's SVP determination?

Appellant's Amended Brief at 5.

Before we may address the merits of a PCRA petition, we must first consider the petition's timeliness because it implicates the jurisdiction of both this Court and the PCRA court. *See Commonwealth v. Williams*, 35 A.3d 44, 52 (Pa. Super. 2011), *appeal denied*, 50 A.3d 121 (Pa. 2012). "Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition." *Id*. (citation omitted). The PCRA "confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar[.]" *Commonwealth v. Watts*, 23 A.3d 980, 983 (Pa. 2011) (citation omitted). This is to "accord finality to the collateral review process." *Id*. (citation omitted). "A petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), is met." *Commonwealth v. Harris*, 972 A.2d 1196, 1199-1200 (Pa. Super. 2009) (footnote omitted). A petitioner

- 3 -

asserting a timeliness exception must file a petition within 60 days of the date the claim could have been presented.  **See** 42 Pa.C.S.A. § 9545(b)(2).

Instantly, Appellant's judgment of sentence became final on July 30, 2007, 90 days after our Supreme Court denied allowance of appeal and the time expired for filing a petition for writ of *certiorari* with the United States Supreme Court.  **See** 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct.R. 13.   Thus, Appellant's petition filed July 18, 2014, is patently untimely and he must plead and prove in his petition one of the three enumerated statutory exceptions to the time-bar.  **See** 42 Pa.C.S.A. § 9545(b)(1).

Appellant argues in his petition that his classification as an SVP constitutes an illegal sentence in violation of the United States Supreme Court's decision in **Alleyne**, and that his petition is timely pursuant to 42 Pa.C.S.A. § 9545(b)(1)(iii).  This claim fails for multiple reasons.

We first note that this Court has held that challenges to a defendant's designation as a SVP did not present a cognizable issue under the PCRA because it did not pertain to the underlying conviction or sentence.  **See Commonwealth v. Masker**, 34 A.3d 841, 844-845 (Pa. Super. 2011) (*en banc*), **appeal denied**, 47 A.3d 846 (Pa. 2012).

Even assuming, for the sake of argument, that Appellant could challenge his SVP classification on collateral review, we further note that, to date, "neither our Supreme Court, nor the United States Supreme Court has held that **Alleyne** is to be applied retroactively to cases in which the judgment of sentence had become final." **Commonwealth v. Miller**, 102

A.3d 988, 995 (Pa. Super. 2014).  *See also Commonwealth v. Riggle*, ---

A.3d ---, ---, 2015 WL 4094427, *6 (Pa. Super., filed July 7, 2015) (finding

*Alleyne* is not entitled to retroactive effect in PCRA setting).  Therefore, we

conclude not only that Appellant has failed to raise a claim that is cognizable

under the PCRA, but also that the Supreme Court's decision in *Alleyne*

would provide no basis for PCRA relief.

As Appellant has failed to assert a meritorious timeliness argument,

we agree with the PCRA court that the serial PCRA petition is patently

untimely.

Order affirmed.
Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/29/2015