J-S15020-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DORRELL SHAW, | |
| Appellant | No. 328 EDA 2015 |

Appeal from the PCRA Order of December 22, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0014424-2008, CP-51-CR-0014425-2008 and CP-51-CR-0014427-2008

BEFORE:  BENDER, P.J.E., OLSON and PLATT,* JJ.

MEMORANDUM BY OLSON, J.:               **FILED FEBRUARY 19, 2016**

Appellant, Dorrell Shaw, appeals from the order entered on December 22, 2014, dismissing his first petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

We briefly summarize the facts and procedural history of this case as follows.  On July 20, 2009, Appellant pled guilty to 27 crimes in conjunction with separate gunpoint robberies and sexual assaults of three female victims, one of which was a minor, over the course of a week in 2008.  On October 23, 2009, the trial court imposed an aggregate sentence of 40 to 80 years of imprisonment.  On April 30, 2010, following a hearing, the trial court determined Appellant to be a Sexually Violent Predator (SVP).  Appellant filed a direct appeal with this Court claiming his guilty pleas were not knowing, intelligent, or voluntary.  We affirmed Appellant's judgment of

_____
*Retired Senior Judge Assigned to the Superior Court.

sentence in an unpublished memorandum on October 24, 2011. *Commonwealth v. Shaw*, 37 A.3d 1241 (Pa. Super. 2011) (unpublished memorandum). The Pennsylvania Supreme Court denied further review. *Commonwealth v. Shaw*, 37 A.3d 1195 (Pa. 2012). On August 3, 2012, Appellant filed a *pro se* PCRA petition. The PCRA court appointed counsel, who filed an amended PCRA petition on July 16, 2014, alleging trial counsel was ineffective for advising Appellant not to cooperate with the SVP assessment and failing to challenge the SVP determination. On November 21, 2014, the PCRA court entered notice of its intent to dismiss the petition without an evidentiary hearing pursuant to Pa.R.Crim.P. 907. On December 22, 2014, the PCRA court entered an order dismissing Appellant's PCRA petition. This timely, counseled appeal resulted.[1]

On appeal, Appellant presents the following issue for our review:

> I.    Did the PCRA court err when it dismissed [Appellant's] amended PCRA petition, without holding an evidentiary hearing, where [Appellant] had properly pled, and would have been able to prove, that he was

_____

[1] Appellant filed a notice of appeal on January 21, 2015. On January 22, 2015, the PCRA court issued an order, pursuant to Pa.R.A.P. 1925(b), directing Appellant to file a concise statement of errors complained of on appeal. Appellant complied timely on February 8, 2015, alleging that the PCRA court erred in denying Appellant a new SVP hearing and in not holding a hearing on his claim that trial counsel was ineffective by giving erroneous advice not to cooperate with the SVP assessment and in failing to challenge the SVP determination. The PCRA court filed an opinion pursuant to Pa.R.A.P. 1925(a) on April 2, 2015, finding Appellant's claims are not cognizable under the PCRA.

entitled to relief in challenging the finding of his [status as] a[n] [SVP]?

Appellant's Brief at 3 (superfluous capitalization omitted).

Appellant contends trial counsel was ineffective for failing to challenge his SVP designation. In sum, Appellant argues as follows:

> It is [Appellant's] averment that he only failed to cooperate with the [SVP] investigation because he was told to do so by [trial counsel]. Clearly, this did not assist [Appellant]. [Appellant] had absolutely no chance to make any cogent argument to the [c]ourt through his attorney and he should not be labeled as a[n] [SVP]. It is [Appellant's] position that if he had a chance to cooperate with the investigation, that his explanation would have carried the day and he would not have been deemed a[n] [SVP].
>
> *               *               *
>
> […T]he issue truly cannot be advanced, or perhaps even ruled upon, until such time that [Appellant] is further evaluated with the opportunity to cooperate with the evaluation and the [c]ourt could then determine whether or not an evidentiary hearing was necessary.

*Id.* at 10-11.

In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error. *Commonwealth v. Tharp*, 101 A.3d 736, 746 (Pa. 2014). Here, the PCRA court found that Appellant's claim was not cognizable under the PCRA pursuant to this Court's *en banc* decision in *Commonwealth v. Masker*, 34 A.3d 841 (Pa. Super. 2011) (*en banc*), *allocotur denied*, *Commonwealth v. Masker*, 47 A.3d 846 (Pa. 2012). Upon review, we agree.

- 3 -

In **Masker**, Lester Masker pled guilty to various crimes of sexual misconduct wherein he "admitted to multiple instances of sexual, manual, and oral intercourse with his adopted daughter[.]" **Masker**, 34 A.3d at 842. This Court affirmed his judgment of sentence. **Id.** Thereafter, Masker filed a counseled PCRA petition in which he alleged that trial counsel was ineffective for failing to advise him properly of his right to remain silent during his SVP assessment or to counter the SVP assessment with expert witness testimony.

The **Masker** Court first looked at the language of the PCRA which "provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief[,]" but is "not intended … to provide relief from collateral consequences of a criminal conviction." **Masker**, 34 A.3d at 843, *citing* 42 Pa.C.S.A. § 9542. The **Masker** Court noted that "[i]n construing this language, Pennsylvania Courts have repeatedly held that the PCRA contemplates only challenges to the propriety of a conviction or a sentence." **Id.** We observed that a challenge to the collateral consequences of a criminal conviction, such as SVP designation, is not cognizable under the PCRA:

> [A] challenge to the classification of the defendant as a SVP is not a challenge to the conviction or sentence, and therefore is not cognizable under the PCRA. **See** [**Commonwealth v. Price**,] 876 A.2d 988, 995 [(Pa. Super. 2005)]. In the present appeal, Masker does not challenge the propriety of his conviction or sentence. Rather, in an attempt to avoid the dictates of **Price**, Masker seeks to challenge the method by which he was determined

to be a SVP. We conclude that under the PCRA there is no meaningful difference between a challenge to the determination itself and a challenge to the process by which it was reached.

*Masker,* 34 A.3d at 843–844 (record citations omitted). The *Masker* Court concluded that because an SVP determination is independent of a challenge to a conviction or a sentence, it is not cognizable as an ineffective assistance of counsel claim under the PCRA. *Masker*, 34 A.3d at 843, *citing Price*, 876 A.2d at 995. Thus, *Masker* stands for the proposition that a challenge to counsel's stewardship in relation to one's designation as an SVP, or in a challenge to the process resulting in an SVP designation, is not cognizable under the PCRA. *Masker,* 34 A.3d at 842.

In this case, Appellant challenged his underlying criminal convictions on direct appeal, arguing that he did not tender his guilty pleas knowingly, intelligently, or voluntarily. Currently, Appellant is not alleging that trial counsel rendered ineffective assistance in this regard. Instead, Appellant is directly challenging his SVP designation, and the process involved in determining his SVP status, and claiming counsel gave him constitutionally deficient advice not to participate in that assessment. While Masker claimed counsel was ineffective for failing to advise him that he could remain silent at his SVP assessment and Appellant claims the inverse, that counsel was ineffective for advising Appellant not to participate in the SVP process, we find such a distinction without a difference. As our decision in *Masker* makes clear, challenges to SVP designation, or the process of the SVP

assessment, are simply not cognizable ineffective assistance of counsel claims under the PCRA. Accordingly, we affirm the PCRA court's order dismissing Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/19/2016