J-S96031-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA EX REL. LUTHER L. WARE | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| TAMMY S. FERGUSON | |
| APPEAL OF: LUTHER L. WARE | No. 853 WDA 2016 |

Appeal from the Order Dated May 13, 2016
In the Court of Common Pleas of Clearfield County
Civil Division at No(s): 2016-785-CD

BEFORE: BENDER, P.J.E., BOWES, J., and SOLANO, J.

MEMORANDUM BY SOLANO, J.:                    **FILED APRIL 06, 2017**

*Pro se* Appellant, Luther L. Ware, appeals from the order dismissing his petition for a writ of *habeas corpus*. Appellant contends the court erred by dismissing the petition. We vacate the order below and remand with instructions.

According to the record, Appellant was convicted of various drug charges and sentenced to an aggregate sentence of eleven-and-a-half to twenty-five years' imprisonment at Docket Nos. CP-17-CR-734-2014 and CP-17-CR-239-2015. In February of 2016, Appellant filed Post Conviction Relief Act ("PCRA")[1] petitions at both dockets. The court appointed PCRA counsel

_____

[1] 42 Pa.C.S. §§ 9541-9546.

in March of 2016, and in February of 2017, PCRA counsel filed counseled PCRA petitions that have not yet been resolved by the PCRA court.

Meanwhile, at the docket number for this case, No. 2016-785-CD, the court docketed Appellant's *pro se* petition for a writ of *habeas corpus* on May 13, 2016.[2] His petition alleged that the Commonwealth improperly withheld exculpatory evidence, the search warrant was invalid, and counsel was not appointed to represent him at his preliminary hearing. Pet. for Writ of *Habeas Corpus*, dated 4/27/16, at 2. The court dismissed Appellant's petition on May 13, 2016. Appellant timely appealed and timely filed a court-ordered Pa.R.A.P. 1925(b) statement. Appellant also filed an untimely amended Rule 1925(b) statement raising additional issues.

As a prefatory matter, we ascertain whether Appellant's petition for a writ of *habeas corpus* should have been construed as a PCRA petition. The PCRA provides: "The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and coram nobis." 42 Pa.C.S. § 9542; *see* 42 Pa.C.S. § 6503(b) ("Where a person is restrained by

---

[2] Appellant dated the petition April 27, 2016, but it is unclear when Appellant mailed the petition. **See Commonwealth v. Wilson**, 911 A.2d 942, 944 n.2 (Pa. Super. 2006) (recognizing that under the "prisoner mailbox rule" a document is deemed filed when placed in the hands of prison authorities for mailing).

virtue of sentence after conviction for a criminal offense, the writ of habeas corpus shall not be available if a remedy may be had by post-conviction hearing proceedings authorized by law"). We have stated:

> The PCRA sets forth its scope as follows:
>
>> This subchapter is not intended to limit the availability of remedies in the trial court or on direct appeal from the judgment of sentence, to provide a means for raising issues waived in prior proceedings **or to provide relief from collateral consequences of a criminal conviction.**
>
>> 42 Pa.Cons.Stat.Ann. § 9542 (emphasis supplied). In construing this language, Pennsylvania [c]ourts have repeatedly held that the PCRA contemplates . . . challenges to the propriety of a conviction or a sentence.

*Commonwealth v. Masker*, 34 A.3d 841, 843 (Pa. Super. 2011) (*en banc*), *appeal denied*, 47 A.3d 846 (Pa. 2012). In the current action, all of Appellant's claims in his petition challenge the propriety of his convictions at Docket Nos. CP-17-CR-734-2014 and CP-17-CR-239-2015, and relief for those claims therefore is authorized under the PCRA. Therefore, the PCRA court erred by not construing Appellant's petition for a writ of *habeas corpus* as a PCRA petition. **See *id.***

We note that the court appointed PCRA counsel for Appellant in March of 2016. The PCRA court docketed the instant *pro se* petition on May 13, 2016. The PCRA court should have forwarded Appellant's *pro se* petition to Appellant's PCRA counsel. **See Commonwealth v. Jette**, 23 A.3d 1032, 1044 (Pa. 2011) (holding, "we reiterate that the proper response to any pro

- 3 -

se pleading is to refer the pleading to counsel, and to take no further action on the pro se pleading unless counsel forwards a motion"). Accordingly, we vacate the PCRA court's May 13, 2016 order dismissing Appellant's *pro se* PCRA petition, and remand with instructions to have the PCRA court forward that petition to Appellant's PCRA counsel. **See** Pa.R.Crim.P. 576(A)(4).

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/6/2017