J-S27006-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BLAIR C. MELLOTT, | |
| Appellant | No. 1916 MDA 2015 |

Appeal from the Order Entered October 13, 2015
In the Court of Common Pleas of Fulton County
Criminal Division at No(s): CP-29-CR-60-1982

BEFORE:  SHOGAN and DUBOW, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY SHOGAN, J.:                    **FILED MAY 27, 2016**

Appellant, Blair C. Mellott, appeals from the order entered in the Court of Common Pleas of Fulton County that treated his "petition to enforce plea agreement or for writ of *habeas corpus*" as an untimely petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, and denied relief.  We vacate and remand for further proceedings.

We summarize the procedural history of this matter as follows.  On September 15, 1982, Appellant was arrested and charged with rape, incest, and indecent assault in relation to his conduct with his sibling that occurred on September 14, 1982.  On October 5, 1982, Appellant pled guilty pursuant to a negotiated plea agreement.  On November 9, 1982, the trial court

_____

[*]  Former Justice specially assigned to the Superior Court.

sentenced Appellant to a term of incarceration of twenty-seven to sixty-six months on the rape conviction.[1] Appellant did not file a direct appeal.

On August 29, 1983, Appellant filed a petition for collateral relief under the Post Conviction Hearing Act ("PCHA"), the predecessor of the PCRA,[2] alleging that his counsel was ineffective and that his confession was coerced. The PCHA court appointed counsel to represent Appellant. Thereafter, in a petition dated December 13, 1983, counsel filed a request to withdraw the PCHA petition on Appellant's behalf. In an order dated December 20, 1983, the PCHA court granted Appellant's motion to withdraw the PCHA petition. This case was then dormant for the next thirty-one and one-half years.

On May 11, 2015, Appellant filed the instant "Petition to Enforce Plea Agreement or for a Writ of *Habeas Corpus*" challenging whether Appellant should be subject to the requirements of SORNA,[3] the Commonwealth's most recent version of Megan's Law.[4] On June 15, 2015, the

_____

[1] On January 18, 1983, the trial court entered an order granting the Commonwealth's request to *nolle prosequi* the charges of incest and indecent assault pursuant to the plea agreement.

[2] The PCHA was repealed and replaced by the PCRA for petitions filed on or after April 13, 1988.

[3] Sex Offender Registration and Notification Act, 42 Pa.C.S. § 9799 *et seq*.

[4] SORNA has three legislative predecessors: Megan's Law, which our Supreme Court held unconstitutional in 1999 in **Commonwealth v. Williams**, 733 A.2d 593 (Pa. 1999); Megan's Law II, which our Supreme Court found constitutional in **Commonwealth v. Williams**, 832 A.2d 962
*(Footnote Continued Next Page)*

Commonwealth filed an answer to Appellant's petition.  On August 6, 2015, Appellant filed a response to the Commonwealth's answer, and also filed a motion seeking an evidentiary hearing.

On August 18, 2015, the court of common pleas filed an order and notice of intent to dismiss under Pa.R.Crim.P. 907, which indicated that the court was treating Appellant's request for relief as an untimely PCRA petition.  Appellant filed a response on August 27, 2015.  The Commonwealth filed an answer on September 29, 2015.  On October 13, 2015, the court of common pleas entered an order dismissing Appellant's petition.  This timely appeal followed.  Both Appellant and the lower court have complied with Pa.R.A.P. 1925.

Appellant presents the following issues for our review:

_(Footnote Continued)_ ————————

(Pa. 2003); and Megan's Law III, which took effect in January of 2005.  On December 20, 2011, the legislature enacted SORNA, which became effective on December 20, 2012.  SORNA requires offenders to register with state police and notify community authorities in the area where they reside.  42 Pa.C.S. § 9799.15.  The time period for which a particular offender must register depends on whether the offender has been convicted of a Tier I, Tier II, or Tier III sexual offense.  **_Id_**.

Under SORNA, an individual convicted of a Tier I sexual offense must register as a sex offender for a period of 15 years.  42 Pa.C.S. § 9799.15(a)(1).  An individual convicted of a Tier II sexual offense must register as a sex offender for a period of 25 years.  42 Pa.C.S. § 9799.15(a)(2).  A Tier III offender must register as a sex offender for life.  42 Pa.C.S. § 9799.15(a)(3).  In addition, SORNA defines a Tier III offense as "[t]wo or more convictions of offenses listed as Tier I or Tier II sexual offenses."  42 Pa.C.S. § 9799.14(d)(16).

1.   DID THE TRIAL COURT ERR IN CONSTRUING APPELLANT'S PETITION TO ENFORCE PLEA AGREEMENT OR FOR A WRIT OF HABEAS CORPUS AS A PETITION UNDER THE POST CONVICTION RELIEF ACT?

2.   IS PETITIONER ENTITLED TO RELIEF UNDER HABEAS CORPUS AND/OR CORAM NOBIS ACTIONS?

Appellant' Brief at 5 (underlining omitted).

In his first issue, Appellant argues that the court of common pleas erred in treating his petition to enforce plea agreement or for writ of *habeas corpus* as a PCRA petition and consequently, determining that the petition was untimely filed under the terms of the PCRA.  Appellant's Brief at 9-14. The Commonwealth has conceded that Appellant's petition should not have been treated as a PCRA petition.  Commonwealth's Brief at 1-2.  In addition, the Commonwealth suggests that an evidentiary hearing to determine the merits of Appellant's claim is appropriate in this instance.  *Id*. at 2.

Upon review of the relevant law, we are constrained to agree with Appellant and the Commonwealth that the court of common pleas erred in treating Appellant's "petition to enforce his plea agreement or for writ of *habeas corpus*" as a PCRA petition.  ***See Commonwealth v. Partee***, 86 A.3d 245, 247 (Pa. Super. 2014) (finding the appellant's petition seeking to enforce a plea agreement and preclude application of SORNA amendments was not a PCRA petition); ***Commonwealth v. Hainesworth***, 82 A.3d 444 (Pa. Super. 2013) (reviewing the appellant's petition to enforce guilty plea to preclude application of SORNA amendments outside of the framework of the

- 4 -

PCRA). Although the PCRA provides that it "shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and coram nobis," it also states that it "**is not intended . . . to provide relief from collateral consequences of a criminal conviction**." 42 Pa.C.S. § 9542 (emphasis added); *cf. Commonwealth v. Masker*, 34 A.3d 841, 843-844 (Pa. Super. 2011) (*en banc*) (holding the PCRA does not afford relief arising from ineffective assistance of counsel in connection with the collateral classification of a defendant as a sexually violent predator under Megan's Law).

The registration requirements of SORNA are collateral consequences of a criminal conviction. *See Commonwealth v. Benner*, 853 A.2d 1068, 1070 (Pa. Super. 2004) (finding Megan's Law II's registration requirement a collateral consequence of the appellant's plea agreement). Thus, a challenge to the applicability of SORNA falls outside the confines of the PCRA. Accordingly, the court of common pleas erred in applying the timeliness requirements of the PCRA and in failing to assert jurisdiction over the instant matter. Hence, we are compelled to vacate the order of the court of common pleas dismissing Appellant's petition and to remand this matter for further consideration.

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>5/27/2016</u>