J-S28040-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,   :     IN THE SUPERIOR COURT OF
                                       :             PENNSYLVANIA
               Appellee        :
                                         :
           v.                   :
                                         :
STEPFON LOVELL PULLIAM,        :
                                         :
             Appellant     :     No. 1704 WDA 2016

Appeal from the Order October 10, 2016
in the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0002790-2013

BEFORE:  OLSON, MOULTON, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:        **FILED JULY 11, 2017**

Stepfon Lovell Pulliam (Appellant) appeals from the order entered on October 10, 2016, which denied his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

On August 15, 2014, Appellant was sentenced to an aggregate term of 72 to 144 months of incarceration after pleading guilty to one count each of simple assault and sexual assault.[1]  Additionally, the trial court concluded that Appellant was a sexually violent predator (SVP).[2]  Appellant did not file a post-sentence motion or direct appeal.  On March 20, 2015, Appellant filed a PCRA petition.  Counsel was appointed and subsequently filed a no-merit

---

[1] The transcript from the guilty plea hearing shows that on July 27, 2013, Appellant struck the victim's face and choked her causing serious bodily injury.  Appellant also had sexual intercourse with the victim without her consent. **See** N.T., 1/8/2014, at 10-11.

[2] **See** 42 Pa.C.S. § 9799.24.

* Retired Senior Judge assigned to the Superior Court.

letter in accordance with *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1998) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). The PCRA court permitted counsel to withdraw and denied Appellant relief.

On appeal to this Court, Appellant argued that "his guilty plea was not entered knowingly, intelligently, or voluntarily because counsel failed to interview or to otherwise investigate the victim in this matter to ascertain whether she was willing to cooperate with the prosecution." *Commonwealth v. Pulliam*, 153 A.3d 1097 (Pa. Super. 2016) (unpublished memorandum at 3). This Court concluded that counsel was not ineffective in his representation of Appellant, and that Appellant entered his guilty plea knowingly, intelligently, and voluntarily. *See id*. Thus, on June 1, 2016, this Court affirmed the order denying Appellant PCRA relief. *Id*.

On July 26, 2016, Appellant filed a motion for time credit arguing that the trial court erred in failing to award him credit time to which he was entitled. Motion for Time Credit, 7/26/2016. On August 19, 2016, while his motion was pending, Appellant filed the instant PCRA petition. In that petition, Appellant acknowledged the facial untimeliness of his petition, but argued that he pled an exception because "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided

in this section and has been held by that court to apply retroactively." **See** PCRA Petition, 8/19/2016; 42 Pa.C.S. § 9545(b)(1)(iii). Specifically, Appellant cited to the United States Supreme Court opinion issued in **Teague v. Lane**, 489 U.S. 288 (1989) and an unpublished memorandum from this Court. PCRA Petition, 8/19/2016, at 1.

On September 7, 2016, the PCRA court consolidated Appellant's motion for time credit with the PCRA petition and issued a notice pursuant to Pa.R.Crim.P. 907 of its intent to dismiss the petition without a hearing. The PCRA court concluded that the petition was untimely filed and did not meet the exception set forth in 42 Pa.C.S. § 9545(b)(1)(iii). Appellant filed a response, and on October 10, 2016, the PCRA court dismissed the petition. Appellant timely filed a notice of appeal, and both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

On appeal, Appellant sets forth the following issues.

> I. Whether the [PCRA] court abused its discretion by treating Appellant's motion for time credit and correction commitment as petition/motion under the [PCRA.]

> II. Whether [] Appellant is entitled to the 77 days [of] time credit the trial court refused to award [] Appellant[.]

> III. Whether the [PCRA] court abused its discretion when it accepted Appellant's SVP issue as a claim cognizable under the PCRA and treated that motion as a second PCRA petition and dismissed it as untimely[.]

Appellant's Brief at 5 (unnecessary capitalization and answers omitted).

In considering these issues, we bear in mind that our standard of review of an order dismissing a PCRA petition is limited to examining whether the PCRA court's rulings are supported by the evidence of record and free of legal error. *Commonwealth v. Brandon*, 51 A.3d 231, 233 (Pa. Super. 2012).

Appellant first contends the PCRA court erred by consolidating his motion for time credit with his PCRA petition. *See* Appellant's Brief at 1-2. It is well settled that a "challenge to the trial court's failure to award credit for time spent in custody prior to sentencing involves the legality of sentence and is cognizable under the PCRA." *Commonwealth v. Fowler*, 930 A.2d 586, 595 (Pa. Super. 2007). Thus, we discern no error in the PCRA court's decision to consolidate the motion with the PCRA petition; therefore, Appellant's motion for time credit was subject to the time limitations of the PCRA.[3]

Under the PCRA, all petitions must be filed within one year of the date that the petitioner's judgment became final, unless one of three statutory exceptions applies. 42 Pa.C.S. § 9545(b)(1); *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006). For purposes of the PCRA, a judgment becomes final at the conclusion of direct review. 42 Pa.C.S. § 9545(b)(3).

---

[3] Appellant argues that he is entitled to an additional 77 days credit for time served. Appellant's Brief at 10-11. However, because Appellant's motion for time credit was treated properly as a PCRA petition, and Appellant has not met the timeliness requirements of the PCRA, *see infra*, we lack jurisdiction to address the merits of the claim.

- 4 -

"The PCRA's time restrictions are jurisdictional in nature." ***Chester***, 895 A.2d at 522. "Thus, '[i]f a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.'" ***Id***. (quoting ***Commonwealth v. Lambert***, 884 A.2d 848, 851 (Pa. 2005)). "The question of whether a petition is timely raises a question of law. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary." ***Commonwealth v. Brown***, 141 A.3d 491, 499 (Pa. Super. 2016).

Appellant acknowledges the facial untimeliness of his petition, but argues that he has met the exception set forth in 42 Pa.C.S. § 9545(b)(1)(iii), which sets forth the following.

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> ***
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(3). In addition, "Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented." *Id*. at (b)(2).

On appeal, Appellant contends that his PCRA petition is challenging his status as an SVP and his lifetime registration requirement, and therefore his claims fall outside the purview of the PCRA and are not subject to its timeliness requirements.[4] *See* Appellant's Brief at 11-12. Appellant sets forth this argument for the first time in his brief on appeal. "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Accordingly, the issue of whether Appellant's SVP status is cognizable under the PCRA is waived.

Moreover, even if Appellant had not waived the issue and presented this in his PCRA petition, he would not be entitled to relief. We recognize that a challenge to one's classification as an SVP is not cognizable under the PCRA. *See Commonwealth v. Masker*, 34 A.3d 841, 843–44 (Pa. Super. 2011) *(en banc)*. However, "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S. § 9544(b). Appellant could have presented a challenge to his SVP status on direct

---

[4] In his petition, Appellant asserted baldly that "a proper SVP hearing was never held in this matter." PCRA Petition, 8/19/2016, at 1. He also asserted that he was not notified of the proper version of Megan's Law. *Id*. at 4. However, he never asserts that his petition is not a PCRA petition or not subject to the timeliness requirements he cites in the petition.

appeal, but did not do so.  Accordingly, he is not entitled to relief on this basis at this juncture.

Order affirmed.

Judge Moulton joins.

Judge Olson concurs in the result.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/11/2017