J-S62043-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| SAMUEL LEE MARTIN, | : | |
| | : | |
| Appellant | : | No. 1898 MDA 2016 |

Appeal from the PCRA Order November 8, 2016,
in the Court of Common Pleas of Lancaster County,
Criminal Division, at No(s): CP-36-CR-0000252-2009,
CP-36-CR-0005063-2008, CP-36-CR-0005494-2008,
CP-36-CR-0005871-2008

BEFORE:   STABILE, MOULTON, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:        **FILED OCTOBER 17, 2017**

Samuel Lee Martin (Appellant) appeals *pro se* from the November 8, 2016 order that dismissed his petition for a writ of *habeas corpus*, which was treated as a petition for relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

In 2009, Appellant pled guilty to crimes of theft and violence and was sentenced to an aggregate term of 13 to 35 years of imprisonment.[1]  He has sought post-conviction relief repeatedly, in the form of PCRA petitions and *habeas corpus* petitions, in both state and federal court, but has had no success.  ***See Commonwealth v. Martin***, 131 A.3d 94 (Pa. Super. 2015)

---

[1] This included a mandatory minimum sentence under 42 Pa.C.S. § 9712.

*Retired Senior Judge assigned to the Superior Court.

(unpublished memorandum at 1-4) (footnotes omitted), *appeal denied*, 134 A.3d 55 (Pa. 2016).

The instant appeal concerns Appellant's October 12, 2016 praecipe and petition for a writ of *habeas corpus ad subjiciendum*. Therein Appellant claimed that he is being detained unlawfully because there was no written sentencing order entered and provided to the Department of Corrections (DOC) upon his admission to the custody of the DOC. Petition for Writ of *Habeas Corpus*, 10/12/2016, at 5. The lower court determined that the petition was properly treated as a PCRA petition and dismissed it as untimely filed without a hearing. Appellant timely filed a notice of appeal, and both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

On appeal, Appellant reiterates his challenge to the lawfulness of his detention based on the lack of a written sentencing order, maintaining that the law of *habeas corpus*, rather than the PCRA, is applicable. Appellant's Brief at 3. In his brief he also questions the legality of his sentence under **Commonwealth v. Valentine**, 101 A.3d 801 (Pa. Super. 2014). **Id.**

Before we consider the substance of Appellant's claims, we must determine the proper framework for our review. The first principle of note is that "the PCRA subsumes all forms of collateral relief, including *habeas corpus*, to the extent a remedy is available under such enactment." **Commonwealth v. West**, 938 A.2d 1034, 1043 (Pa. 2007). "[A] defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of

*habeas corpus*." ***Commonwealth v. Taylor***, 65 A.3d 462, 466 (Pa. Super. 2013). However, "claims that fall outside the eligibility parameters of the PCRA may be raised through a writ of *habeas corpus*." ***Commonwealth v. Masker***, 34 A.3d 841, 850 (Pa. Super. 2011) (*en banc*).

This Court has held that a claim that a prisoner's detention is illegal "due to the inability of the DOC to produce a written sentencing order related to [his] judgment of sentence constitutes a claim legitimately sounding in *habeas corpus*." ***Joseph v. Glunt***, 96 A.3d 365, 368 (Pa. Super. 2014) (internal citation and quotation marks omitted). This Court has also rejected the very claims that Appellant raised in his petition. ***See id.*** at 372 (holding criminal docket and sentencing hearing transcript were sufficient to establish the legitimacy of the sentence and the prisoner's continued detention by the DOC). Therefore, although the lower court erred in applying the time constraints of the PCRA to Appellant's sentencing-order claim, it reached the right result and no relief is due. ***Commonwealth v. Kennedy***, 151 A.3d 1117, 1127 n.14 (Pa. Super. 2016) ("It is well-settled that this Court may affirm a trial court's ruling on any basis.").

We next consider Appellant's contention that his sentence is illegal under ***Valentine***, 101 A.3d at 809 (applying ***Alleyne v. United States***, 133 S.Ct. 2151 (2013), to hold unconstitutional the mandatory minimum sentencing statute applied to Appellant). Appellant's Brief at 10-11. He claims that this claim cannot be waived and can be presented at any time.

A claim that a prisoner is serving an illegal sentence is cognizable under the PCRA. ***Commonwealth v. Jackson***, 30 A.3d 516, 521 (Pa. Super. 2011). Therefore, because Appellant's judgment of sentence became final more than one year ago, he had the burden of establishing a PCRA timeliness exception in order for this Court to have jurisdiction to entertain his claim. ***See***, ***e.g.***, ***Commonwealth v. Lewis***, 63 A.3d 1274, 1280-81 (Pa. Super. 2013) (noting timeliness of PCRA petition is jurisdictional). As this Court has explained,

> an issue pertaining to ***Alleyne*** goes to the legality of the sentence. … However, in order for this Court to review a legality of sentence claim, there must be a basis for our jurisdiction to engage in such review. As this Court recently noted, [t]hough not technically waivable, a legality [of sentence] claim may nevertheless be lost should it be raised … in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim.

***Commonwealth v. Miller***, 102 A.3d 988, 995 (Pa. Super. 2014).

Here, Appellant failed to plead and offer to prove a timeliness exception. Therefore, this Court lacks jurisdiction to vacate Appellant's sentence even if it were illegal,[2] and no relief is due.

---

[2] Appellant's sentence is not illegal. ***See***, ***e.g.***, ***Commonwealth v. Washington***, 142 A.3d 810, 820 (Pa. 2016) ("***Alleyne*** does not apply retroactively to cases pending on collateral review, and [] Appellant's judgment of sentence, therefore, is not illegal on account of ***Alleyne***.").

J-S62043-17

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/17/2017

- 5 -