J-S30042-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ETHAN ANDREW HANNOLD, | : | |
| | : | |
| Appellant | : | No. 86 WDA 2018 |

Appeal from the PCRA Order December 12, 2017
in the Court of Common Pleas of Clarion County
Criminal Division at No(s):    CP-16-CR-0000041-2014
CP-16-CR-0000170-2013

BEFORE:    BENDER, P.J.E., STABILE, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:   **FILED AUGUST 7, 2018**

Ethan Andrew Hannold (Appellant) appeals from the order entered December 12, 2017, denying his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

This Court, in Appellant's direct appeal, provided the following summary of the factual and procedural history of these cases:

> These cases involved two brutal and senseless attacks on innocent women.  During the one incident, at case number 170 CR 2013, [Appellant] executed a plan of running a young woman off the road with his car and then coming to her aid[] for the bizarre purpose of making himself feel good about helping someone.  When the young woman told [Appellant] her father was coming and she did not need his help, he felt rejected and became incensed and punched her many times through her open car window, breaking her nose and bloodying her face.  He then sexually assaulted her by grabbing her between her legs and

*Retired Senior Judge assigned to the Superior Court.

ripping her pants off. He tried to pull her out through the window, but he fell down and she managed to get away.

In the second case, number 41 CR 2014, [Appellant] drove up behind a woman who was walking in town in a residential area. Without warning, he ran her down with his car and then fled the scene. She suffered a traumatic brain injury.

As a result of both incidents, Appellant was charged with multiple crimes. Appellant proceeded to negotiate plea agreements in both cases. At 170 CR 2013, Appellant entered a guilty plea on August 28, 2013, to aggravated assault, robbery by threat of immediate serious injury, recklessly endangering another person ("REAP"), and indecent assault by forcible compulsion. All other charges were *nol[le] prossed* by the Commonwealth. The indecent assault charge required an assessment by the Sexual Offenders Assessment Board [SOAB] to determine if Appellant was a sexually violent predator ("SVP"). Appellant moved for appointment of his own expert psychiatrist and for *in forma pauperis* ("IFP") status. The trial court granted both motions.

Prior to the SVP hearing, the Commonwealth filed a motion to compel Appellant to produce his expert witness report. The trial court granted the motion to compel Appellant to provide the expert report, and subsequently denied Appellant's motion to reconsider that decision. The SVP hearing was held on May 16, 2014. Following the hearing, the trial court deemed Appellant to be an SVP.

At 41 CR 2014, Appellant entered a guilty plea on June 18, 2014, to aggravated assault. All other charges were *nol[le] prossed* by the Commonwealth.

On June 18, 2014, Appellant was sentenced, at both dockets, to an aggregate sentence of twenty-five to fifty years of incarceration in conformity with the plea agreements. The sentence included lifetime registration as an SVP.

*Commonwealth v. Hannold,* 141 A.3d 588 (Pa. Super. 2016) (unpublished memorandum at 2-3), *quoting* Trial Court Opinion, 9/5/2014, at 1.

Appellant timely filed a direct appeal to this Court, and on February 5, 2016, this Court affirmed Appellant's judgment of sentence. *Id.* Appellant did not file a petition for allowance of appeal to our Supreme Court.

On January 30, 2017, Appellant, through counsel, filed a timely PCRA petition asserting several instances of ineffective assistance of trial counsel. After a series of continuances, the PCRA court held an evidentiary hearing on August 22, 2017. On December 12, 2017, the PCRA court entered an order and opinion denying Appellant's petition. Appellant timely filed a notice of appeal to this Court. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

We consider Appellant's issues mindful of the following. "Our standard of review of a trial court order granting or denying relief under the PCRA calls upon us to determine 'whether the determination of the PCRA court is supported by the evidence of record and is free of legal error.'" *Commonwealth v. Barndt*, 74 A.3d 185, 192 (Pa. Super. 2013) (quoting *Commonwealth v. Garcia*, 23 A.3d 1059, 1061 (Pa. Super. 2011)).

With respect to claims involving ineffective assistance of counsel, we bear in mind the following. We presume counsel is effective. *Commonwealth v. Washington*, 927 A.2d 586, 594 (Pa. 2007). To overcome this presumption and establish the ineffective assistance of counsel,

a PCRA petitioner must prove, by a preponderance of the evidence: "(1) the underlying legal issue has arguable merit; (2) that counsel's actions lacked an objective reasonable basis; and (3) actual prejudice befell the [appellant] from counsel's act or omission." ***Commonwealth v. Johnson***, 966 A.2d 523, 533 (Pa. 2009) (citations omitted). "A petitioner establishes prejudice when he demonstrates that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." ***Johnson***, 966 A.2d at 533 (citation and internal quotation marks omitted). A claim will be denied if the petitioner fails to meet any one of these requirements. ***Commonwealth v. Springer***, 961 A.2d 1262, 1267 (Pa. Super. 2008). This Court may affirm the trial court's order on any basis even if it is different from that of the PCRA Court. ***Commonwealth v. Heilman***, 867 A.2d 542, 544 (Pa. Super. 2005).

We first consider Appellant's two claims of ineffective assistance of counsel relating to Appellant's mental health. Appellant contends that plea counsel was ineffective for "failing to obtain mental health evaluation reports and to have a psychiatric evaluation of [Appellant]." Appellant's Brief at 6. According to Appellant, "plea counsel was aware Appellant received psychiatric treatment, and this information should have been included in a [s]entencing [m]emorandum and presented at the time of sentencing to request a more appropriate sentence." ***Id.*** Appellant further contends that plea counsel was ineffective in failing to obtain a psychiatric evaluation of Appellant because,

according to Appellant, he has an impulse control disorder which caused him to enter an involuntary guilty plea. *Id.*

Appellant relies on *Commonwealth v. Williams*, 846 A.2d 105 (Pa. 2004) (*Williams II*),[1] to prove these claims have arguable merit and that counsel had no reasonable basis for his failure to investigate. Appellant's Brief at 20. In *Williams II*, our Supreme Court found that Williams's claim that his counsel failed to investigate properly and prepare a case of mitigation for the penalty phase had arguable merit and that his counsel lacked a reasonable basis for his actions. 846 A.2d at 112-13. However, our Supreme Court held that Williams's claim failed because he did not demonstrate prejudice. *Id.* at 113. Williams had presented at the PCRA evidentiary hearing evidence regarding his mental health issues, including mental health records, testimony of two mental health experts, and testimony from family and friends. The Commonwealth had also presented two expert witnesses in rebuttal. After

---

[1] Williams was sentenced to death after a jury found him guilty of capital murder and related charges. The procedural history involved two appeals to our Supreme Court. In *Commonwealth v. Williams*, 732 A.2d 1167 (Pa. 1999) (*Williams I*), the PCRA court denied Williams's PCRA petition without an evidentiary hearing. On appeal, our Supreme Court affirmed in part, reversed in part, and remanded for an evidentiary hearing to determine factual issues relating to Williams's ineffective assistance of counsel claim for failure to obtain mental health records and a mental health expert. The PCRA court conducted the evidentiary hearing, where Williams and the Commonwealth offered evidence of Williams's mental health issues. After the evidentiary hearing, the PCRA court again denied Williams's PCRA petition. Our Supreme Court's review of that denial is set forth in *Williams II*, the case cited by Appellant.

the evidentiary hearing, the PCRA court denied Williams's PCRA petition. *Id.* at 108-10. Because the PCRA court had resolved credibility determinations as to the mental health experts' testimony against Williams, our Supreme Court affirmed. *Id.* at 113.

Here, Appellant does not meet his burden of proving, by a preponderance of the evidence, that he was prejudiced. Appellant did not present any evidence of his mental health at the PCRA hearing. Not only did Appellant fail to present any mental health records or reports relating to any treatment he may have had, he did not present the testimony or reports of any mental health experts. At the evidentiary hearing, Appellant testified on his own behalf, and he called two other witnesses. The first witness was one of the individuals who had interviewed Appellant for his sexual offender assessment with the SOAB, and the second was Appellant's plea counsel. Appellant offered one exhibit, which was unrelated to his mental health. Other than Appellant's own passing reference to his "impulse control disorder" during one of his oral plea colloquies and during his testimony at the PCRA hearing,[2] Appellant failed to substantiate that he suffers from this or any other mental health disorder. Because Appellant failed to present any evidence to the PCRA court of his mental condition, Appellant has failed to meet his burden of proving, by a preponderance of the evidence, that he was prejudiced by plea

---

[2] *See* N.T., 8/23/2013, at 11; N.T., 8/22/2017, at 77.

counsel's failure to present such evidence. Thus, his first two claims that counsel was ineffective for failing to obtain mental health records and a psychiatric evaluation of Appellant prior to entering his plea fail.

Appellant next complains that his plea counsel should have attended Appellant's sexual offender assessment and advised him that "information he provided during the sex[ual] offender assessment could result in additional criminal charges being filed against him [or be] used to support a basis for establishing other criminal behavior." Appellant's Brief at 6.

A challenge to the process by which one's classification as an SVP was reached is not cognizable under the PCRA. *Commonwealth v. Masker*, 34 A.3d 841, 843-44 (Pa. Super. 2011) (*en banc*); *see also Commonwealth v. Price*, 876 A.2d 988 (Pa. Super. 2005) (holding that a challenge to one's classification as an SVP is not cognizable under the PCRA). In *Masker*, Masker claimed in his PCRA petition, *inter alia*, that his counsel was ineffective for failing "to properly advise [him] of his right to remain silent during his sexual offender evaluation." 34 A.3d at 842. This Court held that Masker had not raised a claim that was cognizable under the PCRA. *Id.* at 844-45.

Here, Appellant's claim of ineffective assistance of counsel for failing to attend Appellant's SVP assessment and failing to advise him of his right to remain silent during such assessment constitutes a challenge to the process by which he was classified an SVP. *See id.* at 844 (concluding that "under the PCRA there is no meaningful difference between a challenge to the [SVP]

determination itself and a challenge to the process by which it was reached").

Accordingly, such ineffective assistance of counsel claim is not cognizable under the PCRA.

Because Appellant has not presented any issue on appeal that would entitle him to relief under the PCRA, we affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 8/7/2018