J-S38009-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JERRY LYNN SHOEMAKER | : | |
| | : | |
| Appellant | : | No. 716 WDA 2017 |

Appeal from the PCRA Order December 15, 2016
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0015512-2008

BEFORE: BOWES, J., NICHOLS, J., and STRASSBURGER*, J.

MEMORANDUM BY BOWES, J.: **FILED NOVEMBER 28, 2018**

Jerry Lynn Shoemaker appeals from the order denying his petition filed pursuant to the Post-Conviction Relief Act ("PCRA"). We affirm.

In 2010, a jury convicted Appellant of rape of a child, involuntary deviate sexual intercourse with a child ("IDSI"), aggravated indecent assault of a person less than thirteen years old, indecent assault of a person less than thirteen years old, endangering the welfare of children, and corruption of minors, all in relation to the sexual abuse of his minor step-daughter, K.B. At a hearing conducted on September 1, 2010, Appellant was determined to be a SVP, and was sentenced to the following consecutive terms: ten to twenty years incarceration for rape; ten to twenty years incarceration for IDSI; and

_____

* Retired Senior Judge assigned to the Superior Court.

five to ten years incarceration for aggravated indecent assault.[1]  No further penalty was imposed on the remaining convictions.   This Court affirmed Appellant's judgment of sentence and our Supreme Court denied allowance of appeal.  **See Commonwealth v. Shoemaker**, 46 A.3d 811 (Pa.Super. 2012) (unpublished memorandum), *appeal denied*, 63 A.3d 1246 (Pa. 2012).

Appellant filed the instant timely PCRA petition.  Following an evidentiary hearing, the PCRA court denied the petition on December 15, 2016.  Appellant filed a timely notice of appeal,[2] and a concise statement of errors complained of on appeal.

Appellant raises the following issues for our review:

I.     Did the PCRA court err or abuse its discretion when it denied Appellant's claim of ineffective assistance of counsel where trial counsel failed under the Sixth Amendment to adequately investigate an alternate theory or motive for why allegations of molestation were brought against the Appellant?

II.    Did the PCRA court err or abuse its discretion when it denied Appellant's claim of ineffective assistance of counsel where trial counsel failed to present any evidence to dispute the Commonwealth's expert witness at the Sexually Violent Predator [("SVP")]/Sentencing hearing held on September 1, 2010?

---

[1] The sentences imposed on the rape, IDSI and aggravated indecent assault convictions were mandatory sentences.

[2] Appellant's direct appeal counsel filed a notice of appeal and a praecipe for substitution of counsel.  Appellant filed a *pro se* notice of appeal.  The appeal was dismissed based on confusion as to whether Appellant was represented. The appeal was reinstated *nunc pro tunc*, and Appellant was ordered to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

III.  Did the PCRA court err or abuse its discretion when it denied Appellant's claim of ineffective assistance of counsel where trial counsel failed to properly discuss the pre-sentencing report with the Appellant and was ill[-]prepared to conduct the [SVP] hearing and sentencing?

IV.  Did the PCRA court err or abuse its discretion when it denied Appellant's claim of ineffective assistance of counsel where trial counsel failed to inform the Appellant of an offer for a plea made by the assistant district attorney prior to the start of trial?

Appellant's brief at 5 (unnecessary capitalization omitted).

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa.Super. 2012) (citations omitted).

Additionally, as each of Appellant's issues involves a claim of ineffectiveness of counsel, we review the applicable legal principles. When a petitioner alleges counsel's ineffectiveness in a PCRA petition, he must prove by a preponderance of the evidence that his conviction resulted from ineffective assistance of counsel "which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable

- 3 -

adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii). Further, the petitioner must demonstrate:

> (1) that the underlying claim has arguable merit; (2) that no reasonable basis existed for counsel's actions or failure to act; and (3) that the petitioner suffered prejudice as a result of counsel's error. To prove that counsel's chosen strategy lacked a reasonable basis, a petitioner must prove that an alternative not chosen offered a potential for success substantially greater than the course actually pursued. Regarding the prejudice prong, a petitioner must demonstrate that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or inaction. Counsel is presumed to be effective; accordingly, to succeed on a claim of ineffectiveness[,] the petitioner must advance sufficient evidence to overcome this presumption.

**_Commonwealth v. Johnson_**, 139 A.3d 1257, 1272 (Pa. 2016) (internal citations and quotation marks omitted). A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. **_Commonwealth v. Martin_**, 5 A.3d 177, 183 (Pa. 2010).

In his first issue, Appellant contends that counsel was ineffective because he failed to investigate an alternate theory or motive for why K.B. made allegations against him. According to Appellant, "[trial counsel] believed that there was only one [viable defensive] theory involving DNA evidence."[3] Appellant's brief at 17; **_see also_** N.T. PCRA Hearing, 10/6/16, at 51-52

---

[3] Police recovered an unlaundered pair of Appellant's boxer shorts on which they found both Appellant's and K.B.'s DNA. Counsel pursued a theory that Appellant's boxer shorts could have been cross-contaminated with K.B.'s DNA in the family laundry basket. **_See_** N.T. PCRA Hearing, 10/6/16, at 51-55.

(wherein trial counsel testified that "the DNA doesn't indicate the [Appellant] in fact did it, because of cross-contamination. That's the theory straight up."). Appellant points to his own testimony that he "told [counsel] what my theory was, as to why all of this was happening."[4] Appellant's brief at 18 (quoting N.T. PCRA Hearing, 10/6/16, at 87-88). Appellant faults counsel for his belief that he could not prove an alternative motive for why K.B. brought the allegations against the Appellant. Appellant's brief at 17; *see also* N.T. PCRA Hearing, 10/6/16, at 51-52 (wherein counsel testified that "I could never prove it.").

Under Pennsylvania jurisprudence, "[c]ounsel will not be deemed ineffective where the strategy employed had some reasonable basis designed to effectuate his or her client's interests." *Commonwealth v. Perry*, 128 A.3d 1285, 1290 (Pa.Super. 2015) (citation omitted). To establish that counsel's chosen strategy lacked a reasonable basis, Appellant must prove that an alternative not chosen offered a potential for success substantially greater than the strategy actually pursued. *Johnson*, *supra*.

Here, counsel's testimony at the evidentiary hearing makes clear his belief that the strongest theory available to Appellant was that the DNA evidence was inconclusive due to cross-contamination. The strategy pursued by counsel had some reasonable basis, as Appellant's expert testified that

_____

[4] While Appellant claims that he provided counsel with an alternate theory, he does not identify any such alternate theory in his brief.

- 5 -

transference "was a very real possibility" if Appellant's boxer shorts were placed in a laundry basket containing clothes from other family members. *See* N.T. Trial, 4/12-14/10, at 313-14. Further, while Appellant faults trial counsel for not pursuing an alternate theory, Appellant has identified no other defensive theory which offered a potential for success substantially greater than the course actually pursued. *See Johnson*, *supra*; *see also Commonwealth v. Wharton*, 811 A.2d 978, 986 (Pa. 2002) ("Claims of ineffective assistance of counsel are not self-proving."). Therefore, the PCRA court did not abuse its discretion in denying relief.

In his second issue, Appellant contends that counsel was ineffective in failing to present a rebuttal expert to counter the Commonwealth's expert at the SVP hearing. He further argues that counsel could not effectively cross-examine the Commonwealth's expert without additional evidence to support a contrary determination. Appellant asserts that the lack of evidence presented by counsel at the hearing, coupled with counsel's advice that Appellant not participate in the Sexual Offender Assessment Board evaluation, had no rational strategic basis. According to Appellant, the sentencing court, having been presented with only the testimony of the Commonwealth's expert, had no option but to rule that Appellant is a SVP.

Initially, we must determine whether Appellant's second issue is cognizable under the PCRA. As the Commonwealth points out, In *Commonwealth v. Masker*, 34 A.3d 841 (Pa.Super. 2011), this Court, *en*

*banc*, held that a challenge to the process by which an SVP determination is made, independent of a challenge to a conviction or sentence, is not cognizable under the PCRA. *Id*. at 844-45. In making this determination, this Court relied on our Supreme Court's conclusion in ***Commonwealth v. Leidig***, 956 A.2d 399 (Pa. 2003), and stated:

> To the extent that there was any confusion . . . that the registration requirements of Megan's Law are collateral and not direct consequences of a plea or other conviction, we settle the issue here: such requirements are collateral consequences.

***Masker***, *supra* at 844 (quoting ***Leidig***, *supra* at 406).

Since the decision in ***Masker***, however, Megan's Law III was replaced with SORNA, which became effective on December 20, 2012. Moreover, during the pendency of this appeal, our Supreme Court issued its decision in ***Commonwealth v. Muniz***, 164 A.3d 1189 (Pa. 2017), announcing that SORNA registration requirements are tantamount to punishment. As this Court has explained: "[i]n light of our Supreme Court's announcement in ***Muniz***, we are constrained to hold that SORNA's registration requirements are no longer merely a collateral consequence, but rather punishment. As such, the Commonwealth no longer can rely upon ***Leidig*** as dispositive." ***Commonwealth v. Hart***, 174 A.3d 660, 667 (Pa.Super. 2017). We further noted that "[a]lthough ***Leidig*** is not specifically mentioned by the ***Muniz*** Court, it appears that the ***Muniz*** decision impliedly overrules ***Leidig*** to the extent that ***Leidig*** determined sex offender registration requirements to be a collateral consequence." *Id*. at 667 n.10. Following the ***Muniz*** ruling, the

- 7 -

*Masker/Leidig* line of cases no longer supports the conclusion that SORNA claims are outside the confines of the PCRA. *Hart*, *supra*.

We are mindful that *Muniz* addressed SORNA, and did not specifically address a claim challenging a SVP designation under the pre-SORNA sexual offender statute in effect at the time of Appellant's sentencing. However, even assuming that a challenge to Appellant's SVP designation is cognizable under the PCRA pursuant to *Muniz*, utilizing a theory that his pre-SORNA SVP designation constitutes punishment, no relief is due on his ineffectiveness claim.

As our Supreme Court noted in *Commonwealth v. Chmiel*, 30 A.3d 1111 (Pa. 2011),

> The mere failure to obtain an expert rebuttal witness is not ineffectiveness. Appellant must demonstrate that an expert witness was available who would have offered testimony designed to advance appellant's cause. Trial counsel need not introduce expert testimony on his client's behalf if he is able effectively to cross-examine prosecution witnesses and elicit helpful testimony. Additionally, trial counsel will not be deemed ineffective for failing to call a medical, forensic, or scientific expert merely to critically evaluate expert testimony [that] was presented by the prosecution. Thus, the question becomes whether or not [defense counsel] effectively cross-examined [the Commonwealth's expert witness].

*Id*. at 1143.

Here, Appellant has not demonstrated that an expert witness was available who would have offered testimony designed to advance his cause in light of the evidence of record and the particular criminal conduct in question. *Id*.

- 8 -

Moreover, the mere fact that counsel did not present an expert rebuttal witness does not constitute ineffectiveness where counsel is able to effectively to cross-examine prosecution witnesses and elicit helpful testimony. **Chmiel**, **supra**. Appellant neither points to the SVP hearing record, nor explains how any aspect of counsel's cross-examination was deficient. As noted above, counsel is presumed to be effective; accordingly, to succeed on a claim of ineffectiveness, Appellant was required to advance evidence to overcome this presumption. **Johnson**, **supra**; **Wharton**, **supra**. As Appellant failed to meet this burden, the PCRA court did not abuse its discretion in denying relief.

In his third issue, Appellant contends that counsel was ineffective in failing to prepare for the sentencing hearing, citing a "lack of legal arguments and case research." Appellant's brief at 22. In support, Appellant points to counsel's argument at the sentencing hearing that counts three, four, five, and six should merge with counts one and two, and the sentencing court's rejection of that argument on the basis that "there has been consistent case law to the contrary." Appellant's brief at 23 (quoting N.T. Sentencing, 9/1/10, at 16-17).[5]

_____

[5] Notably, K.B. testified that Appellant engaged in a multitude of separate acts of sexual abuse, including acts that would constitute aggravated indecent assault (count three), distinct from acts constituting rape (count one) and distinct from acts constituting IDSI (count two). **See Commonwealth v. Yeomans**, 24 A.3d 1044, 1050 (Pa.Super. 2011) (when determining whether a defendant committed a single act, such that multiple criminal convictions should be merged for sentencing, the proper focus is whether "the actor

At the evidentiary hearing, counsel testified that he met with Appellant and reviewed the presentence investigation report in preparation for the sentencing hearing, but did nothing to prepare for the mandatory sentences that would be imposed (*i.e.*, on the rape, IDSI, and aggravated indecent assault conviction convictions). ***See*** N.T. PCRA Hearing, 10/6/6, at 57, 62. As noted previously, to prove that counsel's chosen strategy lacked a reasonable basis, Appellant must prove that an alternative not chosen offered a potential for success substantially greater than the strategy actually pursued. ***See Johnson***, ***supra***. Appellant has identified no other legal argument or case law which counsel should have raised such that the outcome of Appellant's case would have been different. ***See Commonwealth v. Michaud***, 70 A.3d 862, 867 (Pa.Super. 2013) (to demonstrate prejudice, appellant must show there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different). As counsel is presumed to be effective, and Appellant has not advanced evidence to overcome this presumption, his third ineffectiveness claim warrants no relief. ***See Johnson***, ***supra***; ***Wharton***, ***supra***.

---

commits multiple criminal acts beyond that which is necessary to establish the bare elements of the additional crime"). Moreover, even if Appellant's remaining convictions for indecent assault of a person less than thirteen years old, endangering the welfare of children, and corruption of minors should have merged, the sentencing court imposed no penalty on those convictions.

In his final issue, Appellant claims that counsel was ineffective for failing to communicate two plea offers from the Commonwealth. Appellant quotes testimony from the evidentiary hearing wherein counsel was questioned about the first plea offer, and testified that upon relaying it to Appellant, Appellant adamantly rejected it. Appellant's brief at 24. Appellant then points to his own testimony at the hearing that counsel communicated neither plea offer to him. *Id*. at 25.

At the evidentiary hearing, counsel testified that he communicated both guilty plea offers to Appellant, and that Appellant rejected both offers. N.T. PCRA Hearing, 10/6/16, at 40, 41-42. According to counsel, the first guilty plea offer was for fourteen to twenty-eight years incarceration, and the second offer was for twelve to twenty-four years incarceration. *Id*. at 40. Counsel stated "Appellant made it very clear to me from the very beginning, that even if this were down to five to ten, he wasn't accepting it, he was going to trial." *Id*. at 42.

The PCRA court was free to reject as incredible Appellant's testimony, and to credit counsel's testimony that he communicated both plea offers to Appellant, and that Appellant rejected both of them. *See Commonwealth v. Spotz*, 84 A.3d 294, 313 (Pa. 2014). This credibility determination was within the PCRA court's fact-finding authority and is entitled to great deference. *Id*. We cannot set aside the PCRA court's credibility findings unless they have no support in the record. *Ford*, *supra*. Given that counsel's

testimony supports the PCRA court's determination, we will not disturb its ruling.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/28/2018