J-S18002-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MOHAMMAD SOHAIL SALEEM | : | |
| | : | |
| Appellant | : | No. 1582 MDA 2018 |

Appeal from the PCRA Order Entered September 4, 2018
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s):  CP-38-CR-0000565-2014

BEFORE:   BOWES, J., NICHOLS, J., and STEVENS,* P.J.E.

MEMORANDUM BY BOWES, J.:                    **FILED APRIL 17, 2019**

Mohammad Sohail Saleem appeals from the September 4, 2018 order treating his petition for *habeas corpus* as a PCRA petition, and dismissing it as untimely.  We affirm.

Appellant was charged at two criminal numbers in March and May of 2014 with multiple counts of sexual assault, indecent assault, and one count of involuntary deviate sexual intercourse involving two different female victims who were his employees of his small business.  On April 21, 2015, he entered a negotiated guilty plea to two counts of indecent assault at No. 0565, and one count each of indecent assault and harassment at No. 1112.  The remaining charges were *non prossed*. He was sentenced on June 3, 2015, to two consecutive terms of imprisonment of nine months to four years, and $200 in fines at No. 0565, and a consecutive term of imprisonment of three months to two years in a state correctional facility.  The harassment conviction

_____
*   Former Justice specially assigned to the Superior Court.

merged for sentencing purposes. In the sentencing order, the court noted that Appellant met the criteria to be classified as a sexually violent predator ("SVP") under Megan's Law, and further, that Appellant might be impacted by "collateral immigration consequences." Order, 6/3/15, at 2.

Appellant filed an untimely post-sentence motion asking the court to modify his sentence or, in the alternative, permit him to withdraw his plea as it was not entered into voluntarily, knowingly, and intelligently. He alleged that he was incorrectly informed that he would be deported immediately, but subsequently learned that he would have to serve his sentence first. The court denied him the right to file the motion *nunc pro tunc*, but granted him leave to file a PCRA petition.

On August 31, 2015, Appellant filed a counseled PCRA petition in which he alleged that he pled guilty based upon statements made by his counsel and the assistant district attorney. After a hearing, the court found no ineffectiveness and denied relief. On appeal, this Court affirmed. ***Commonwealth v. Saleem***, 168 A.3d 357 (Pa.Super. 2017) (unpublished memorandum). Appellant filed a second *pro se* PCRA petition on April 6, 2017, which the PCRA court dismissed without a hearing as untimely. We affirmed on May 1, 2018. ***Commonwealth v. Saleem***, 192 A.3d 207 (Pa.Super. 2018) (unpublished memorandum).

On May 10, 2018, Appellant filed a petition for writ of *habeas corpus* challenging his status as an SVP after ***Commonwealth v. Muniz***, 164 A.3d 1189 (Pa. 2017) (finding SORNA registration punitive). The PCRA court

- 2 -

appointed counsel and directed him to file an amended PCRA petition. Instead, counsel sought leave to withdraw pursuant to *Turner*/*Finley*, attached a copy of his no-merit letter to his petition, and served it upon Appellant. Counsel represented therein that he had conducted a review of the record and concluded that there were no issues of merit as the petition was untimely. After reviewing counsel's petition to withdraw, his no-merit letter, and the record, the court granted the petition. The court concluded that after *Muniz*, Appellant's claims were cognizable under the PCRA, applied the PCRA's time limitations, and dismissed the petition as untimely.

Appellant timely filed the instant *pro se* appeal, and both Appellant and the PCRA court complied with Pa.R.A.P. 1925. Appellant presents one issue for our review: "Whether the lower court erred by treating [his] writ of *habeas corpus* as a PCRA petition, where the claim presented has no remedy under the PCRA and the legislature did not create a remedy?" Appellant's brief at 5.

Before we can determine whether we have jurisdiction to entertain the merits of the within petition, we must determine whether the PCRA court properly treated the petition, styled as a *habeas corpus* petition, as a PCRA petition. The case of *Commonwealth v Masker*, 34 A.3d 841 (Pa.Super. 2011), relied upon by Appellant for the proposition that SVP designations and registration requirements are civil collateral consequences of a plea and not cognizable under the PCRA, is no longer the applicable law. In *Muniz*, our Supreme Court held that SORNA registration is punitive and part of the

sentence. Hence, such claims are now cognizable under the PCRA. Where, as here, the PCRA provides a means of obtaining relief, "it encompasses all other common law and statutory remedies for the same purpose . . . including *habeas corpus* and *coram nobis*. **Commonwealth v. Descardes**, 136 A.3d 493, 496-97 (Pa. 2016). Thus, the trial court properly treated Appellant's petition as a PCRA petition.

Our standard of review of an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by evidence of record and is free of legal error. **Commonwealth v. Burkett**, 5 A.3d 1260, 1265 (Pa.Super. 2010). Before we can address the merits of the petition, however, we must first determine if the petition is timely. The time limitations of the PCRA are jurisdictional, and we may not reach the merits of the petition unless it is timely filed. **Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010). Under the PCRA, "any petition shall be filed within one year of the date when the judgment becomes final[.] 42 Pa.C.S. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review." **Id**. at § 9545(b)(3).

Appellant's judgment of sentence became final on or about July 3, 2015, when the time to file a direct appeal to this Court expired. **Id**. Thus, any petition, in order to be timely, would have to be filed before July 3, 2016. The

- 4 -

instant petition filed May 10, 2018, is untimely on its face. Nevertheless, we may consider a facially untimely petition if the petitioner pleads and proves one of the exceptions to the time-bar set forth in § 9545(b)(1)(i-iii).

Appellant does not invoke any of the exceptions to the time-bar. Nor can he rely upon *Muniz* to satisfy the "new retroactive right" exception of § 9545(b)(1)(iii). Our Supreme Court held in *Commonwealth v. Abdul-Salaam*, 812 A.2d 497 (Pa. 2002), that a newly-recognized constitutional right under § 9545(b)(1)(iii) must also have been held by the court recognizing it to apply retroactively. Although *Muniz* created a substantive rule that retroactively applies in the collateral context, this Court held in *Commonwealth v. Murphy*, 180 A.3d 402, 405 (Pa.Super. 2018), that *Muniz* does not "satisfy the 'new retroactive right' exception of section 9545(b)(1)(iii)."

Accordingly, the PCRA court correctly treated Appellant's *habeas corpus* petition as a PCRA petition, and dismissed it as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/17/2019