J-S15009-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEREMY CELTON HODEN | : | |
| | : | |
| Appellant | : | No. 1297 WDA 2020 |

Appeal from the PCRA Order Entered November 3, 2020
In the Court of Common Pleas of Warren County Criminal Division at
No(s):  CP-62-CR-0000267-2012

BEFORE:   LAZARUS, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM PER CURIAM:                    **FILED: AUGUST 27, 2021**

Jeremy Celton Hoden appeals from the order, entered in the Court of Common Pleas of Warren County, dismissing as untimely his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Upon review, we affirm.

This Court recently set forth the underlying facts of this case as follows, in the appeal of Hoden's codefendant, Eddie Ray Gray, following Gray's successful federal habeas corpus action and resentencing:

> [Hoden and Gray] were tried together and were sentenced to thirty-five and one-half (35½) years to seventy-one (71) years in prison after a jury convicted them of four (4) counts of retaliation against a prosecutor or judicial official, three (3) counts of retaliation against a witness, victim[,] or party, seven (7) counts of terroristic threats, and one (1) count of conspiracy—retaliation against a prosecutor or judicial official.  Prior thereto, Hoden had pled guilty to numerous charges in connection with two criminal

_____

[*] Retired Senior Judge assigned to the Superior Court.

matters in 2007, one of which involved his attack on a seventy-seven[-]year old woman[,] which left her hospitalized with serious injuries. The two victims, the elderly woman and her adult son, would have been witnesses against Hoden if those matters [had] proceeded to trial. Hoden received a total term of imprisonment of twelve (12) years to twenty[-four] (24) years in prison [for the crimes he committed in 2007].

Starting in January of 2012 and ending in February of 2012, Hoden and [Gray], both of whom were in prison at the time, mailed letters containing extremely violent, vulgar[,] and highly disturbing language to several trial court judges, the District Attorney[,] an Assistant District Attorney[,] and the two victims. A Pennsylvania State Police trooper also was targeted in the letters, though he did not personally receive one. In the correspondence, [Gray] and Hoden threate[ne]d the lives of the recipients as well as members of their families in graphic detail as to the pain they would inflict upon each individual.[3] The [threatening letters] indicated that the victims could be killed when [Gray] was released from prison and suggested he and Hoden had the ability to obtain help from outside sources in carrying out their threats while they were imprisoned. Each piece of correspondence was signed by the sender, and had the sender's name and prison address on the return address portion of the envelope used to mail it.

[3] For example, this Court previously stressed on direct appeal: "[t]he actions that [Gray and Hoden] said that [they] would commit with respect to ADA Feronti and Judge Morgan are so vile that we could not reproduce them. Indeed, ADA Feronti was pregnant when the letters were sent to her office, and her colleagues did not allow her to view them for fear she would suffer a miscarriage." [*Commonwealth v.*] *Gray*, [1503 WDA 2012, 1677 WDA 2012] at *30 [(Pa. Super. 2013) (unpublished *per curiam* memorandum decision)].

These letters gave rise to the charges for which [Hoden and Gray] were tried[,] commencing on August 29, 2012. Following trial, the jury convicted both men of the aforementioned crimes.

*Commonwealth v. Gray*, 15 WDA 2020, at *2-*3 (Pa. Super. filed July 28, 2020) (unpublished *per curiam* memorandum decision) (footnote and unnecessary capitalization omitted). On review of Hoden's direct appeal, this

Court affirmed. **See Commonwealth v. Gray**, 1677 WDA 2012, at *34-*35. Hoden did not file a petition for allowance of appeal, and the Supreme Court denied Gray's petition.

On May 31, 2019, the trial court resentenced Gray, as mentioned above, to twenty-five to fifty years' incarceration, following his successful petition for federal habeas corpus relief. The federal district court vacated Gray's three convictions for retaliation against a witness, victim, or party because the court determined that Gray's trial attorney had been ineffective in failing to object to the form of the jury instruction pertaining to those counts. The Commonwealth opted to pursue Gray's resentencing on the remaining convictions rather than retrying him.

On May 22, 2020, Hoden filed a *pro se* PCRA petition alleging that Gray's resentencing constituted a new fact which entitled Hoden to relief; the court then appointed PCRA counsel. Hoden's petition further alleged that the Commonwealth did not disclose that Bryan Angle executed an affidavit swearing that Hoden's and Gray's purpose in writing the letters was not to threaten the recipients, but instead for Hoden and Gray to be transferred to the Warren County Prison, from whence they would attempt a joint escape. Angle is an inmate who purportedly overheard Gray tell another, unidentified inmate, that Gray and Hoden wrote the threatening letters for the purpose of hatching that escape. According to Hoden, Angle informed authorities at the prison of Hoden's and Gray's plan to escape, and he executed an affidavit to that effect. Hoden claims that the Commonwealth withheld that exculpatory

evidence.[1]   Appointed counsel withdrew upon retained counsel's entry of appearance.  Retained counsel filed a "supplemental" motion for discovery of the "Angle Documents," including the aforementioned affidavit.  On July 23, 2020, the Court issued two orders, one granting additional time to file an amended PCRA petition, and the other granting the post-conviction discovery motion.  On July 31, 2020, the PCRA court vacated the order granting post-conviction discovery.   On August 5, 2020, Hoden filed a motion for reconsideration[2] of the PCRA court's discovery order.  On August 13, 2020, the PCRA court formally denied Hoden's motion for post-conviction discovery.

On September 28, 2020, the court issued notice of its intent to dismiss Hoden's PCRA petition.  **See** Pa.R.Crim.P. 907.  On October 1, 2020, Hoden filed an opposition to the court's Rule 907 dismissal notice.  On November 3, 2020, the PCRA court dismissed Hoden's petition.[3]  On December 1, 2020, Hoden filed a timely notice of appeal.  On December 9, 2020, and again on

---

[1] Hoden suggests that his admitted conspiracy to commit escape is exculpatory because it proves that the Commonwealth lacked sufficient evidence to sustain his convictions for retaliation against a witness, victim, or party.  Hoden would have this Court find that his true intent to escape disproves that he acted with the requisite *mens rea* to retaliate.

[2] On August 10, 2020, the PCRA court denied Hoden's motion for reconsideration because it had vacated the order granting discovery and had taken the matter of discovery under advisement.

[3] The PCRA court's dismissal order is dated October 28, 2020, but was not filed and entered on the docket until November 3, 2020.  An order is not final and appealable until it is entered on the docket.  **See** Pa.R.A.P. 301(a)(1).

December 16, 2020, the PCRA court issued orders[4] directing the filing of a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Hoden timely[5] filed the Rule 1925(b) statement on January 6, 2021. The PCRA court issued a Rule 1925(a) opinion on January 7, 2020.

On appeal, Hoden raises the following issues for our review:

1. Whether the PCRA court erred when [it] dismissed [Hoden's] PCRA petition as [time-barred] when the petition relied on the exception for [newly]-discovered facts[6] as defined in ***Commonwealth v. Small***, 238 A[.]3d 1267 (Pa[.] 2020)?

2. Whether the PCRA court erred when it denied relief based on the change in the substantive law brought about by ***Commonwealth v. Walls***, 144 A[.]3d 926 (Pa[.] Super. 2016)?

3. Whether the PCRA court abused its cabined discretion when it refused to hold an evidentiary hearing on [Hoden]'s claim that the prosecution suppressed evidence material to the defense in violation of ***Wearry v. Cain***, 577 U.S. 385[] (2016)[,] and ***Commonwealth v. Bagnall***, 235 A[.]3d 1075 (Pa[.] 2020)?

Appellant's Brief, at 1-2 (unnecessary capitalization omitted).

---

[4] The orders were dated December 4, 2020, and December 14, 2020, but were not docketed until December 9, 2020, and December 16, 2020, respectively.

[5] Because the PCRA court issued two orders directing Hoden to file a Rule 1925(b) statement, we deem Hoden's Rule 1925(b) statement timely filed as it relates to the deadline set forth in the later order.

[6] For clarity, we note that Hoden's claim is in regard to newly-discovered facts, ***see*** 42 Pa.C.S.A. § 9545(b)(1)(ii), rather than after-discovered evidence, ***see*** 42 Pa.C.S.A. § 9543(a)(2)(vi), which are separate and distinct. ***Commonwealth v. Burton***, 158 A.3d 618, 629 (Pa. 2017); ***see also Commonwealth v. Cox***, 146 A.3d 221, 227-30 (Pa. 2016) (appellant must invoke PCRA court's jurisdiction prior to review of eligibility for relief under subsection 9543(a)(2)(vi)).

We begin by noting the well-settled standard of review[7] from an order dismissing a PCRA petition:

> We must examine whether the record supports the PCRA court's determination and whether [that] determination is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the[m] in the certified record. Our scope of review is limited by the parameters of the PCRA.

***Commonwealth v. Masker***, 34 A.3d 841, 843 (Pa. Super. 2011). Furthermore, Hoden's appeal requires this Court to construe the jurisdictional provisions of the PCRA. The interpretation of a statute is a question of law; accordingly, our scope is plenary and we apply a *de novo* standard of review. ***See Masker***, ***supra*** at 843.

Before reaching the issues that Hoden raises in his appellate brief, we must first ascertain whether the PCRA court correctly determined that his PCRA petition was untimely filed. ***See Commonwealth v. Murray***, 753 A.2d 201, 203 (Pa. 2000) (PCRA time limit is jurisdictional; court may only review untimely petition if statutory exception applies).

---

[7] Hoden suggests that we apply the standard of review applicable in direct appeal challenges to the sufficiency of the evidence. ***See*** Appellant's Brief, at 1. However, we are mindful that Hoden's appeal is before this Court on collateral appeal. ***See, e.g.***, ***Commonwealth v. Dennis***, 950 A.2d 945, 953-54 (Pa. 2008) (PCRA petitioners cannot pursue claims on collateral review that were raised, or could have been raised, on direct appeal, except where petitioner pleads and proves that "the failure to litigate the issue prior to or during trial . . . or on direct appeal could not have been the result of any rational, strategic[,] or tactical decision by counsel"; citing 42 Pa.C.S.A. §§ 9543(a)(3), (a)(4)).

Generally, a petition for relief under the PCRA must be filed within one year of the date the judgment of sentence becomes final, unless the petitioner alleges, and proves, an exception to the time for filing the petition, as set forth at 42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).[8]   A PCRA petition invoking one of these statutory exceptions must be filed within sixty days from the date the claim arises.   *See* 42 Pa.C.S.A. § 9545(b)(2).[9]   Under the PCRA, a judgment of sentence becomes final "at the conclusion of direct review,

---

[8]   The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

[9] On October 24, 2018, the General Assembly amended subsection 9545(b)(2) to enlarge the time in which a petitioner may invoke a PCRA time-bar exception from 60 days to one year from the date the claim arises.  *See* Act 2018, Oct. 24, P.L. 894, No. 146, § 2, effective in 60 days [Dec. 24, 2018]. However, the amendment applies only to claims arising on December 24, 2017, or thereafter.  *Id.* at § 3.   Here, Hoden raises a challenge to the sufficiency of the evidence to sustain his convictions in light of the new "adjudicative fact," namely Gray's resentencing in 2019.  *See* Appellant's Brief, at 4.  Therefore, Hoden submits that the one-year deadline applies, and that his present petition is timely filed.  Nevertheless, as we explain in greater detail, *infra*, because Hoden knew that he could have raised this exact sufficiency defense when he testified before the jury at trial, in 2012, and on appeal, in 2013, but that he failed to do so, the 60-day deadline applies.

including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). "When a PCRA [petition] is not filed within one year of the expiration of direct review, or not eligible for one of the exceptions, the [PCRA] court has no power to address the substantive merits of a petitioner's PCRA claims." ***Commonwealth v. Shiloh***, 170 A.3d 553, 557 (Pa. Super. 2017).

In order to overcome the PCRA's jurisdictional hurdle, under the newly-discovered facts exception, ***see*** 42 Pa.C.S.A. § 9545(b)(1)(ii), the petitioner "must establish that: (1) the **facts** upon which the claim was predicated were **unknown**[;] and (2) could not have been ascertained by the exercise of **due diligence**. If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under [section 9545(b)(1)(ii)]." ***Commonwealth v. Brown***, 111 A.3d 171, 177 (Pa. Super. 2015) (citing ***Commonwealth v. Bennett***, 930 A.2d 1264, 1272 (Pa. 2007)) (emphasis in original). Due diligence requires a petitioner to take reasonable efforts to uncover facts that may support a claim for collateral relief. ***Commonwealth v. Burton***, 121 A.3d 1063, 1071 (Pa. Super. 2015) (en banc). A petitioner must explain why he could not have learned the new fact(s) earlier by exercising due diligence. ***Commonwealth v. Breakiron***, 781 A.2d 94, 98 (Pa. 2001). Our Supreme Court has clarified that "the newly-discovered facts exception is not focused on new[ly] discovered or newly

willing sources for 'facts' that were already known." ***Commonwealth v. Marshall***, 947 A.2d 714, 721-22 (Pa. 2008) (emphasis omitted).

Here, Hoden's judgment of sentence became final on August 10, 2013, the date by which Hoden could have filed a petition for writ of certiorari with the United States Supreme Court. ***See*** 42 Pa.C.S.A. § 9545(b)(3); U.S. S. Ct. R. 13. Therefore, Hoden had until August 10, 2014, to file a PCRA petition. Hoden filed the instant PCRA petition on May 22, 2020; Hoden's PCRA petition is patently untimely. Accordingly, Hoden must plead and prove an exception to the one-year time-bar to invoke this Court's jurisdiction. ***See*** 42 Pa.C.S.A. § 9545(b)(1).

Specifically, Hoden claims that the newly-discovered fact exception contained within section 9545(b)(1)(ii) is applicable because,

> [t]he imposition of [Gray's] new sentence was new material information [that was] unknown to [Hoden], and it could not have been ascertained earlier by the exercise of [Hoden's] due diligence. The decision involving the Gray habeas corpus and [Gray's] resentencing fall comfortably within the definition of [a] new adjudicative fact under [Pa.R.E.] 201(b)[.]

Appellant's Brief, at 12; ***see also id.*** at 18-19. We disagree.

The PCRA court addressed the applicability of the newly-discovered fact exception to Hoden's case as follows:

> In contending that he was unaware until learning about Mr. Angle that the "lack of retaliatory intent" defense was available to him in 2012, [Hoden] overstates his case, because clearly [Hoden] did know. According to his own allegations, [Hoden] was conspiring directly with [] Gray to be moved to the Warren County Jail; it was not Mr. Gray and some third party who, unbeknownst to [Hoden], were conspiring to get him there. . . . [I]t is plain[,]

- 9 -

> from his own allegations[,] that [Hoden] knew long before trial
> that securing a facility transfer, not retaliation, was his motive for
> writing the threatening letters.

Opinion and Order on Discovery Motion, 8/13/20, at 2.

Here, we agree with the PCRA court's analysis. Indeed, even accepting Hoden's present claim as true—that Hoden's intent in writing the threatening letters was to facilitate an escape from incarceration rather than retaliate against the alleged victims—the necessary implication that Hoden would have been aware of his own intent when he wrote the letters in 2012 naturally follows. Clearly, Hoden cannot explain why he could not have learned of his own intent earlier by exercising due diligence. *See Breakiron*, *supra*. Indeed, we find that Angle is merely a newly-willing source for the previously known fact, namely, that Hoden's intent was to escape rather than retaliate. *See Marshall*, *supra*. Since Hoden has failed to plead and prove any exception to the PCRA's time bar, we find that the PCRA court's dismissal of Hoden's petition as time-barred is supported by the record. *See Masker*, *supra*.

In his second issue, Hoden claims that the PCRA court failed to apply a change in the law, as brought about by our decision in *Walls*, *supra*, to the facts of his case. Hoden has waived this claim.

The portion of Hoden's argument dedicated to this claim consists merely of boilerplate citations and bald, unsupported allegations related to Hoden's third issue on appeal. Hoden neither references testimony or evidence contained in the certified record, as it relates to this issue, nor provides

citation to relevant authority in support of the specific claim at issue in this portion of his argument. **See** Pa.R.A.P. 2119(a)-(e). "It is [an a]ppellant's obligation to sufficiently develop arguments in his brief by applying the relevant law to the facts of the case, persuade this Court that there were errors below, and convince us relief is due because of those errors. If an appellant does not do so, we may find the argument waived." **Commonwealth v. Gibbs**, 981 A.2d 274, 284 (Pa. Super. 2009). Since Hoden has not developed his second claim on appeal in a manner that permits meaningful review by this Court, we find the argument waived.

Finally, Hoden challenges the PCRA court's order denying discovery pursuant to Pa.R.Crim.P. 902(a)(16) and 902(E)(1). Hoden claims that the Commonwealth was aware that his intent in writing the threatening letters was to escape incarceration rather than retaliate against the alleged victims. Hoden requests that he be permitted to conduct discovery to substantiate a **Brady**[10] violation, and cites the Angle affidavit, which was never turned over to him, as evidence of the same. **See** Appellant's Brief, at 25-26. Hoden is entitled to no relief.

The denial of a request for post-conviction discovery is reviewed for an abuse of discretion. **Commonwealth v. Collins**, 957 A.2d 237, 272 (Pa. 2008).

---

[10] **See Brady v. Maryland**, 373 U.S. 83 (1963).

Pennsylvania Rule of Criminal Procedure 902 governs requests for post-conviction discovery and states, in relevant part, that "no discovery shall be permitted at any stage of the proceedings, except upon leave of court after a showing of exceptional circumstances." Pa.R.Crim.P. 902(E)(1). Discovery in PCRA proceedings cannot be used as an excuse for engaging in a "fishing expedition." **Commonwealth v. Lark**, 746 A.2d 585, 591 (Pa. 2000). It is not an abuse of discretion for the PCRA court to find exceptional circumstances do not exist when a petitioner's claims are untimely and the documents he requested are relevant to the merits of his untimely claims. **Commonwealth v. Edmiston**, 65 A.3d 339, 353 (Pa. 2013).

Here, since Hoden did not plead and prove an exception to the jurisdictional time-bar and his requested post-conviction discovery relates to the merits of his untimely claim, any post-conviction discovery is moot, and therefore, the PCRA court did not abuse its discretion in denying such post-conviction discovery.[11] **See Edmiston**, **supra**. Accordingly, we have not

---

[11] Assuming, *arguendo*, that Hoden could successfully establish his **Brady** claim and thereby meet the exception found in subsection (b)(1)(i), he has still failed to satisfy the sixty-day time limitation for asserting this exception. **See, e.g.**, **Commonwealth v. Dickerson**, 900 A.2d 407, 411 (Pa. Super. 2006). As noted above, to qualify for any of the exceptions found in paragraph (b)(1)(i)-(iii), the petitioner must not only satisfy the substantive requirements of the exception provision, but must also file a petition invoking that exception within sixty days of the date the claim could have been filed. 42 Pa.C.S.A. § 9545(b)(2); **see supra**, at n.9. **See also Commonwealth v. Yarris**, 731 A.2d 581, 588 (Pa. 1999) (finding sixty-day requirement of section 9545(b)(2) not satisfied where defendant failed to explain why information in statements at issue could not have been obtained earlier with exercise of due diligence).

discerned an abuse of discretion in the PCRA court's denial of post-conviction discovery. *See Collins*, *supra*.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/27/2021